DIANA GRIBBON MOTZ, Circuit Judge,
dissenting:
There is much with which I agree in the fine majority opinion. I agree that “generic burglary” has been deemed a crime of violence sufficient to support an enhanced federal sentence. I agree that we employ the categorical approach to determine whether first-degree burglary in Maryland criminalizes no more than “generic burglary.” I agree that the majority correctly states the elements of “generic burglary” and correctly applies those elements to the Guidelines context. Finally, I agree that, as a federal court, we have no authority “to place a construction on a state statute different from the one rendered by the highest court of the State.” Johnson v. Fankell, 520 U.S. 911, 916, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997). Indeed, it is precisely for these reasons that I must respectfully dissent. For in concluding that Maryland’s first-degree burglary statute criminalizes more than “generic burglary,” the majority does “place a construction” on that statute “different from the one rendered” by Maryland’s highest court.
I.
In Taylor v. United States, the Supreme Court sought to provide, for purposes of a federal sentencing predicate, a “uniform definition [of burglary] independent of the labels employed by the various States’ criminal codes.” 495 U.S. 575, 592, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Before settling on a “generic, contemporary meaning of burglary,” id. at 598, 110 S.Ct. 2143, the Court considered the traditional, common-law definition of burglary, i.e., the breaking and entering of a dwelling at night, with intent to commit a felony. In the course of doing so, the Court noted that common-law burglary is “the core, or common denominator” of contemporary burglary, id. at 592, 110 S.Ct. 2143, and cited Maryland as a rare example of a state that has retained the narrow, common-law meaning or “something closely resembling” it, id. at 593 n. 6, 110 S.Ct. 2143.
Because most other states had expanded the definition of burglary beyond its common-law origins (e.g., to include unlawful entry during daytime and into structures other than dwellings), the Taylor Court adopted a definition of “generic burglary” that is broader than common-law burglary. Accordingly, the Court held that “generic burglary” includes “unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.” Id. at 599, 110 S.Ct. 2143. Immediately after adopting this broader, generic definition, the Court made clear that it includes common-law burglary. The Court explained that “burglary convictions in common-law States” categorically qualify as sentencing predicates because “the conviction necessarily implies that the *152 defendant has been found guilty of all the elements of generic burglary.” Id.
Although Taylor focused on the meaning of “burglary” under the Armed Career Criminal Act (“ACCA”), we apply Taylor’s generic definition in the Guidelines context as well, with the added requirement that the burglary involve a dwelling. See United States v. Bonilla, 687 F.3d 188, 190-91 n. 8 (4th Cir.2012); see also U.S.S.G. § 2L1.2, cmt. n. l(B)(iii) (defining “crime of violence” to include “burglary of a dwelling”). Thus, because the categorical approach governs our inquiry here, Henri-quez’s Maryland conviction for first-degree burglary qualifies as a prior crime of violence if it contains the following elements: (1) an unlawful or unprivileged entry into (2) a building or other structure (3) that is a dwelling, with (4) intent to commit a crime.
II.
Maryland’s first-degree burglary statute provides that a “person may not break and enter the dwelling of another with intent to commit theft or a crime of violence.” Md.Code Ann., Crim. Law § 6-202(a). This definition would seem, as the Supreme Court suggested in Taylor, to fit comfortably within the definition of “generic burglary.” Yet my colleagues hold to the contrary because, while they recognize that the Maryland definition requires entry into a “dwelling,” they contend that Maryland courts have construed the term “dwelling” broadly. They say that under Maryland law a dwelling need not be a “building or other structure” as required by Taylor, but can be a motor vehicle or boat. With respect, I believe they have misread Maryland law.
“The common law felony of burglary crossed the seas from England and became a part of the common law of Maryland.” Warfield v. State, 315 Md. 474, 554 A.2d 1238, 1247 (1989). For centuries burglary remained a common-law offense in Maryland; only recently has the Maryland General Assembly adopted the statutory definition set forth above. McKenzie v. State, 407 Md. 120, 962 A.2d 998, 1000 (2008). State statutes still do not define “dwelling,” but do instruct that the term “retains its judicially determined meaning.” Md.Code Ann., Crim. Law § 6-201. Under Maryland law, when a term “ ‘retains its judicially determined meaning, it is subject to continued clarification in ease law.’ ” McKenzie, 962 A.2d at 1001.
In 2008, Marylands highest court, the Court of Appeals, addressed the meaning of “dwelling” for purposes of the states burglary statutes and made clear that the common-law definition of the term continues to control. Id. Indeed, the McKenzie court expressly noted that “the meaning of ‘dwelling house is the same as its common law meaning for burglary purposes.’ ” Id. at 1003; see also id. at 1002 & 1002 n. 1 (explaining that if a term “is not otherwise defined by statute, the common law meaning is assumed to be intended” and noting that “Maryland’s statutory offense of burglary in the first degree is most akin to common law burglary, without the element of ‘in the nighttime.’ ”). Thus, although the meaning of “dwelling” is “subject to continued clarification in case law,” id. at 1001, Maryland’s highest court has recently explained that Maryland defines “dwelling” as it was defined at common law. And because generic burglary covers “at least the ‘classic’ common-law definition” of the crime, Taylor, 495 U.S. at 593, 110 S.Ct. 2143 (emphasis added), Maryland first-degree burglary necessarily constitutes a crime sufficient to support an enhanced federal sentence.
My friends in the majority resist this straightforward conclusion on the ground that McKenzie indicates that in Maryland *153 “a dwelling is nothing more than ‘a place where a person resides and sleeps,’ ” and so, assertedly, encompasses boats and motor vehicles. Supra at 13. But, in fact, McKenzie neither holds nor suggests this. Rather, the McKenzie court expressly observed that “[t]he test as to whether or not a building is a ‘dwelling house’ is whether or not it is used regularly as a place to sleep. No building becomes a ‘dwelling’ by reason of the fact that someone may sleep there on rare occasions or take an occasional nap there.” McKenzie, 962 A.2d at 1003 (quoting Poff v. State, 4 Md. App. 186, 241 A.2d 898, 900 (1968)) (emphases added and alteration omitted).[1] In Maryland, therefore, a person may be convicted of first-degree burglary only if he unlawfully enters a building or structure and that building or structure is a dwelling.
To be sure, Maryland courts have repeatedly stressed that a “dwelling,” for burglary purposes, is a place where one resides and regularly sleeps. See id. at 1003-06 (canvassing Maryland case law). But they do so not because a dwelling need not be a building or structure. Rather, it is because “[cjommon law burglary and, by extension, Maryland’s statutes prohibiting burglary of the ‘dwelling of another,’ are crimes against habitation.” Id. at 1002 (citing W. Blackstone, 4 Commentaries 169; R. Perkins & R. Boyce, Criminal Law, ch. 3 § 1 (3d ed.1982); W. LaFave & A. Scott, Substantive Criminal Law, § 8.13(c) (1986)). Unlike the more expansive generic definition of burglary, which covers all buildings and structures, common-law (and so Maryland) burglary covers only buildings and structures used as a “dwelling.” See LaFave & Scott at § 8.13(c). And, under Maryland law “[a] structure does not become a dwelling until someone occupies it.” McKenzie, 962 A.2d at 1002.
Maryland courts, moreover, have consistently rejected efforts to stretch the definition of “dwelling” beyond its narrow origins. Maryland’s intermediate appellate court, the Court of Special Appeals, for example, has held that basements of apartment buildings, vacant apartment rooms, furnished but never occupied homes, warehouses, and churches are not “dwellings” within the meaning of the state’s burglary statutes. Id. at 1003-05 (collecting cases); see also Sizemore v. State, 10 Md.App. 682, 272 A.2d 824, 827 (1971) (“a church is not a dwelling house”). By contrast, any one of those places would satisfy the generic definition of burglary. See W. LaFave, 3 Substantive Criminal Law § 21.1 (2d ed.2003) (explaining that contrary to the common-law requirement that burglary involve a dwelling, “statutes today typically use a much broader term, such as ‘building’ or ‘structure’ ”). In sum, Maryland’s requirement that a “dwelling” be a place where one resides and sleeps renders it narrower, not broader, than Taylor’s buildings and structures.[2]
*154 Nothing in Kanaras v. State, 54 Md. App. 568, 460 A.2d 61 (1983) is to the contrary. In Kanaras, the Court of Special Appeals held that a stationary motor home. that had, for several weeks, been parked at a campground and hooked up to electrical and plumbing services, was a “dwelling” for burglary purposes. Id. at 71-72. The court noted that burglary law was “developed for the purpose of protecting the habitation of an individual,” and that a “dwelling” must therefore be a place where one lives and sleeps. Id. at 69. But, Kanaras recognized, a, “dwelling” need not be a “permanent structure so long as persons intend to live in the structure and in fact use it as an abode for human habitation.” Id. at 71 (emphases added). Thus, although the Kanaras court stated that “it matters not what type of facility the individual chooses to use for his habitation,” it did so simply to underscore that a “dwelling” need not be “a formal traditional mortar and brick” home so long as it is otherwise a building or structure. Id.
Furthermore, the Kanaras court was careful to confine its holding to the “facts before” it. Id. at 72; see also McKenzie, 962 A.2d at 1005 (explaining that Kanaras was rooted in the common law and confined to the “facts presented”). It specifically cautioned: “We do not hold that under all circumstances a motor home is a dwelling house.” Id. at 72. Rather, it noted that it “might reach a different result” under different facts — e.g., had the motor home been “simply parked on a street rather than a campsite” and not “connected to health conveniences.” Id. at 71. By emphasizing that the motor home was “stationary and connected for electrical and sanitary conveniences,” the Kanar-as court made clear that it was a “structure” affixed to the ground, and therefore qualified as a “dwelling.” Id. Not only did the court not extend the definition of dwelling to boats and cars, it expressly warned that a car or other vehicle, “used as a vehicle primarily for transportation purposes, should not be regarded as a dwelling house, even if occasionally used for sleeping.” Id. at 69 (emphasis added).[3]
Kanaras, in short, did not stretch the meaning of “dwelling” to motor vehicles or boats. Instead, it faithfully followed the common-law definition of “dwelling,” construing the term as a “building or other structure,” Taylor, 495 U.S. at 599, 110 S.Ct. 2143, in which a person resides and sleeps. Indeed, the trial court in Kanaras expressly instructed the jury that “a dwelling house refers to a structure which is used regularly as a place to sleep” and that “[i]n order to find the defendant guilty ... you must find that the camper or motor home was a structure regularly used as a place to sleep.” 460 A.2d at 72 (emphases added). If, as the majority holds, entry into a “structure” was not an element of burglary under Maryland law, this jury instruction would have been erroneous. That the Kanaras court held that the trial judge “did not err” in “giving [this] instruction” removes any doubt as to the question whether a “dwelling,” for purposes of Maryland’s burglary statutes, requires entry into a “building or other structure.” [4]
*155 III.
In sum, Maryland’s first-degree burglary statute tracks the common law and so is “narrower than the generic” definition developed in Taylor, 495 U.S. at 598, 110 S.Ct. 2143. Henriquez’s conviction thus “necessarily implies that [he] has been found guilty of all the elements of generic burglary.” Id. at 599, 110 S.Ct. 2143. Accordingly, that conviction categorically qualifies as a proper federal sentencing predicate. I would affirm.

. Notably, in its three-page discussion of the term "dwelling,” the McKenzie court recognized more than twenty-five times that, for purposes of Maryland burglary law, a "dwelling” is a "building” or "structure,” or a unit within a "building” or “structure.” See id. at 1003-05.

. For the same reason, State v. Scott, 169 N.J. 94, 776 A.2d 810 (2001), is no help to the majority. Like Maryland, New Jersey follows the common law meaning of "dwelling.” Id. at 814 (explaining that because the New Jersey legislature failed to define 'dwelling,' the court must "consider the common-law definition of that term”). Moreover, the jury in Scott was expressly instructed to "make a determination whether, one, [the temporarily unoccupied apartment in question] was a structure, and two, whether the structure was a dwelling.” Id. at 812.

. I note that my colleagues’ suggestion that "dwelling” encompasses cars would render superfluous a separate, more specific Maryland statute. See Md.Code Ann., Crim. Law § 6-206 (forbidding the "breaking and entering [of a] motor vehicle”). This, of course, is at odds with Supreme Court instruction that we avoid construing a statute in a way that renders another more specific statute superfluous. See, e.g., RadLAX Gateway Hotel, LLC v. Amalgamated Bank,- U.S. -, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012).

. Thus, in United States v. Martin, No. 12-5001, 753 F.3d 485, 2014 WL 2525214 (4th *155 Cir.2014), we recently held.that Maryland’s fourth-degree burglary statute — which provides in relevant part that "[a] person may not break and enter the dwelling of another,” Md.Code Ann., Crim. Law § 6-205(a) — does not qualify as generic burglary because it “does not require that the defendant have the intent to commit a crime when he enters the dwelling.” Id. at *5-6. Neither Martin's lawyer nor the court suggested that the Maryland statute did not constitute generic burglary because, pursuant to Maryland law, a "dwelling” need not be a "building or other structure.”