Affirmed by published opinion. Judge DIAZ wrote the majority opinion, in which Judge GREGORY joined. Chief Judge TRAXLER wrote a dissenting opinion.
OPINION
DIAZ, Circuit Judge:
After he pleaded guilty to illegal reentry, Francisco Bonilla received an enhanced sentence based on his prior Texas conviction for burglary of a habitation. Bonilla argues that the district court erred in applying the enhancement because his state conviction under Texas Penal Code section 30.02(a)(3) — which provides that “[a] person commits [burglary] if, without the effective consent of the owner, the person ... enters a building or habitation and commits or attempts to commit a felony, theft, or an assault” — does not satisfy the definition of generic burglary under Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We disagree and affirm the judgment of the district court.
I.
Bonilla pleaded guilty to a one-count indictment charging him with knowingly entering the United States without the consent of the Attorney General of the United States after having been previously excluded, deported, or removed, in violation of 8 U.S.C. § 1326. The presentence report (“PSR”) noted that Bonilla’s base offense level of eight should be increased by sixteen levels, “[s]ince [Bonilla] ha[d] previously been convicted of a crime of violence,” pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(l)(A). J.A. 120. The offense triggering the enhancement was Bonilla’s May 8, 1992 conviction in Texas state court for burglary of a habitation.[1]
Bonilla objected to the sentencing enhancement, contending that his Texas conviction did not qualify as a crime of vi *190 olence because it did not satisfy the elements of generic burglary required by Taylor. Specifically, Bonilla argued that because he did not have “the requisite intent to commit a crime” “at the time” that he illegally entered the dwelling, he did not commit generic burglary. Id. 65.
The district court rejected Bonilla’s argument. Bonilla, the court found, was convicted under section 30.02(a)(3) of the Texas Penal Code, which provides that “[a] person commits [burglary] if, without the effective consent of the owner, the person ... enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.” Looking to the charging document — which specified that Bonilla “knowingly and intentionally entered] a habitation without the effective consent of ... the owner, and therein attempted to commit and committed theft,” J.A. 36 — the court noted that “theft or attempted theft would require intent,” id. 77, and that the intent “has to be formed at some point before leaving the habitation, because the charge is within the habitation,” id. 80. Thus, the court concluded that Bonilla’s conviction met the elements of generic burglary under Taylor and qualified as a crime of violence under § 2L1.2(b)(l)(a). Applying the sixteen-level sentencing enhancement, the court calculated an advisory Guidelines range of thirty-seven to forty-six months, and sentenced Bonilla to thirty-seven months’ imprisonment.[2] Bonilla timely appealed.
II.
Whether a prior conviction qualifies as a “crime of violence” is a legal question we review de novo. United States v. Jenkins, 631 F.3d 680, 682 (4th Cir.2011). Under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A), a defendant convicted of illegal reentry is subject to a Guidelines enhancement if prior to his removal or deportation he had been convicted of a “crime of violence.” Application note l(B)(iii) to § 2L1.2 defines a “crime of violence” as one of several enumerated offenses, including “burglary of a dwelling,” or an offense “that has as an element the use, attempted use, or threatened use of physical force against the person of another.”
A.
In Taylor, the Supreme Court sought to provide “some uniform definition [of burglary] independent of the labels employed by the various States’ criminal codes.” 495 U.S. at 592,110 S.Ct. 2143. Specifically, the Court considered the meaning of “burglary” under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e). The ACCA provides a sentencing enhancement for a conviction for unlawful possession of a firearm under 18 U.S.C. § 922(g) if the defendant “has three previous convictions ... for a violent felony or a serious drug offense.” 18 U.S.C. § 924(e)(1). A “violent felony,” in turn, includes “any crime punishable by imprisonment for a term exceeding one year ... that ... is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.” Id. § 924(e)(2)(B)(ii) (emphasis added).[3]
*191 Taylor’s search for a uniform definition of “burglary” stemmed from Congress’s deletion of the same in 1986 from the ACCA. In the Armed Career Criminal Act of 1984, “burglary” was defined as “any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense.” Taylor, 495 U.S. at 581, 110 S.Ct. 2143 (internal quotations omitted). Without explanation, Congress in 1986 excised this definition, while retaining burglary as a predicate offense under the ACCA.
Faced with this legislative hole, the Court in Taylor noted that Congress had “singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion as a predicate offense ... because of its inherent potential for harm to persons.” Id. at 588, 110 S.Ct. 2143. As the Court explained, “[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.” Id. “And the offender’s own awareness of this possibility,” the Court added, “may mean that he is prepared to use violence if necessary to carry out his plans or to escape.” Id. Further, because “Congress apparently thought that all burglaries serious enough to be punishable by imprisonment for more than a year ... shared this potential for violence and ... were likely to be committed by career criminals,” Congress did not “limit the predicate offense to some special subclass of burglaries that might be especially dangerous, such as those where the offender is armed, or the building is occupied, or the crime occurs at night.” Id.
Finding it “implausible” that Congress would have left the meaning of “burglary” under § 924(e) to the variances of the states’ criminal codes, id. at 590, 110 S.Ct. 2143, the Court concluded that “burglary” “must have some uniform definition” separate from the idiosyncrasies of the state codes, id. at 592, 110 S.Ct. 2143. In its search for uniformity, the Court rejected a definition of burglary tied to the common law, noting that the “contemporary understanding” of burglary was far removed from its common law counterpart. Id. at 593, 110 S.Ct. 2143. That is, although “ ‘[bjurglary was defined by the common law to be the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony’,” id. at 580 n. 3, 110 S.Ct. 2143 (citation omitted), most states had long since “expanded this definition to include entry without a ‘breaking,’ structures other than dwellings, offenses committed in the daytime, entry with intent to commit a crime other than a felony, etc.,” id. at 593, 110 S.Ct. 2143.
Next, the Court rejected a definition that required “intent to engage in conduct constituting a Federal or State offense that has as an element ... conduct that presents a serious risk of physical injury to another.” Id. at 596, 110 S.Ct. 2143 (internal quotations omitted). The Court determined that if Congress intended to reach only this “subclass” of burglaries, the inclusion of “burglary” in § 924(e)(2)(B)(ii) was superfluous, as the statute separately included any offense that “ ‘involves conduct that presents a serious potential risk of physical injury to *192 another.”’ Id. at 597, 110 S.Ct. 2143 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).
A more rational explanation for specifically and separately including burglary as a predicate offense, said the Court, was that “Congress thought that certain general categories of property crimes — namely burglary, arson, extortion, and the use of explosives — so often presented a risk of injury to persons, or were so often committed by career criminals, that they should be included” even though the statutory elements of such offenses do not “necessarily involve the use or threat of force against a person.” Id. Moreover, the lack of qualifying language in § 924(e) (2) (B) (ii) suggested that Congress was concerned “not only [with] aggravated burglaries, but also run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force.” Id.
In sum, the Court declined to limit the term “burglary” to “a special subclass of burglaries, either those that would have been burglaries at common law, or those that involve especially dangerous conduct.” Id. at 598, 110 S.Ct. 2143. Rather, the Court determined that Congress intended the offense to match in “the generic sense” the way “the term is now used in the criminal codes of most States.” Id. And, it concluded that “[although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.” Id. (emphasis added).
The Court stated that if the defendant was convicted of burglary in a state “where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary.” Id. at 599, 110 S.Ct. 2143 (emphasis added). Thus, the Court held that “an offense constitutes ‘burglary’ for purposes of a § 924(e) sentence enhancement if ... its statutory definition substantially corresponds to ‘generic’ burglary.” Id. at 602, 110 S.Ct. 2143 (emphasis added).
It is against this backdrop that we consider Bonilla’s appeal.
B.
Texas Penal Code section 30.02(a) provides as follows:
A person commits an offense if, without the effective consent of the owner, the person:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.
Bonilla was convicted of violating section (a)(3) of the statute, which, Bonilla concedes, includes all of the Taylor elements — unlawful entry, of a building or other structure, and the requisite intent to commit a felony or other predicate crime.[4] Bonilla notes, however, and we agree, that section (a)(3) does not require that the *193 intent exist at entry. According to Bonilla, this quirk as to the timing element is fatal under Taylor. With that, however, we cannot agree.
In adopting a generic definition of “burglary,” Taylor repeatedly emphasized that a precise lining up of the elements is not required, but rather that “the exact formulations vary.” 495 U.S. at 598, 110 S.Ct. 2143 (emphasis added). And in offering guidance to courts as to how to apply the definition, Taylor added that “where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary.” Id. at 599, 110 S.Ct. 2143 (emphasis added).
Because section (a)(3) requires an unlawful entry, of a building or habitation, and the separate intent to commit a felony, theft, or assault, we find that it corresponds “in substance” to Taylor’s generic definition of burglary. See id. As the government notes, “[bjecause the Texas statute applies only where a defendant’s entry or remaining in a building is unlawful, proof of a completed or attempted felony necessarily requires proof that the defendant formulated the intent to commit a crime either prior to his unlawful entry or while unlawfully remaining in the building.” Appellee’s Br. 7-8 (emphasis added).
We also agree with the government that while sections (a)(1) and (2) of the Texas statute cover, respectively, situations where it is clear that the intent “existed prior to the unlawful entry, such as when a defendant is caught with burglary tools,” or where a defendant “lawfully enterfs] a store and then conceal[s] himself until after closing with intent to steal,” section (a)(3) “fills a gap in the statutory scheme for cases in which it is unclear whether the necessary intent existed at the time of an unlawful entry or was formed subsequently].” Id. 13-14. For example, “remaining in” cases could be charged under section (a)(3), “either because the state cannot prove when the defendant formed the intent to commit a subsequent felony or because there is insufficient proof that the defendant ‘concealed’ himself.” Id. 14.
In arguing that section (a)(3) does not satisfy Taylor because it does not require intent at the moment of entry, Bonilla offers the example of a homeless person who unlawfully enters a home only to seek warmth, but while inside, forms an intent to steal property. Framing the subsequent theft as a “crime of opportunity,” rather than one resulting from planning or plotting, Bonilla argues that the homeless man presents less of a risk than the person who enters a home after plotting to commit a crime.
That argument is flawed. Taylor does not distinguish between burglaries based on their comparative level of risk, but rather is concerned with a defendant’s (1) unlawful presence, (2) in a building or structure, (3) with the intent to commit a crime — all of which are required under section (a)(3). We therefore hold that Bonilla’s conviction under Texas Penal Code section 30.02(a)(3) substantially corresponds to the elements of generic burglary as outlined in Taylor and therefore qualifies as a “crime of violence” for sentencing purposes.
C.
The Fifth Circuit has held, and our dissenting colleague urges, that “a burglary conviction under § 30.02(a)(3) of the Texas Penal Code is not a generic burglary under the Taylor definition because it does not contain an element of intent to commit a felony, theft, or assault at the moment of entry.” United States v. Constante, 544 F.3d 584, 587 (5th Cir.2008) (per curiam). *194 In support, the court noted that although section (a)(3) requires that a defendant intentionally or knowingly enter the building, “he would not have to intend to commit a felony ... at that time” and “[o]nly this latter type of specific intent is relevant to the Taylor definition of generic burglary.” Id. at 586 n. 3.
With respect, we think this reading of Taylor too rigid, given that a defendant convicted under section (a)(3) necessarily developed the intent to commit the crime while remaining in the building, if he did not have it at the moment he entered. The critical question is whether section (a)(3) of the Texas statute “corresponds in substance to the generic meaning of burglary,” Taylor, 495 U.S. at 599, 110 S.Ct. 2143. Bonilla pleaded guilty to an offense under Texas law that required proof of (1) an unlawful entry, (2) into a building or habitation, and (3) the intent to commit a felony, theft, or assault. We hold that these elements satisfy Taylor's description of generic burglary, notwithstanding that Bonilla might not have formulated his intent prior to the unlawful entry.
III.
For the foregoing reasons, we affirm the district court’s judgment.

AFFIRMED

. As detailed in the judgment from the Texas conviction, Bonilla pleaded guilty to this offense.

. The district court also rejected Bonilla’s argument for a downward variance based on his personal history and circumstances, but this decision is not challenged on appeal.

. Although Taylor considered whether a conviction qualified as a "violent felony” under the ACCA, we apply its analysis to the "crime of violence” definition as well — with the additional requirement that a burglary qualifying as a "crime of violence” must involve a dwelling. See United States v. Herrera-Montes, 490 F.3d 390, 392 (5th Cir.2007) ("Taylor's definition of 'burglary,' ... controls the definition *191 of 'burglary of a dwelling under the Guidelines.''); United States v. Wenner, 351 F.3d 969, 973 (9th Cir.2003) C‘[T]he most logical and sensible reading of the Guidelines ... is to construe 'burglary of a dwelling' as the Taylor definition of burglary, with the narrowing qualification that the burglary occur in a dwelling'').

. Under the modified categorical approach, see generally Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), we confirm, as did the district court, that Bonilla entered a habitation. Thus, the requirement that Bonilla was convicted of “burglary of a dwelling/ thereby supporting the "crime of violence” sentencing enhancement, is satisfied. See U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n. l(B)(iii). Bonilla does not challenge this finding on appeal.