PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4238

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE HERBERT HENRIQUEZ,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:12-cr-00504-RWT-1)

Argued:  January 28, 2014                 Decided:  June 27, 2014

Before TRAXLER, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Vacated and remanded by published opinion.  Judge Wynn wrote the majority opinion, in which Chief Judge Traxler joined.  Judge Motz wrote a dissenting opinion.

**ARGUED:** Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Kelly O. Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

WYNN, Circuit Judge:

Under the United States Sentencing Guidelines, judges may increase the sentences of defendants previously convicted of violent crimes. Generic burglary has been deemed a crime of violence sufficient to support such an enhanced sentence. At issue in this case is whether first degree burglary in Maryland constitutes a generic burglary, i.e., a crime of violence that can support a sentence enhancement under United States Sentencing Guidelines Section 2L1.2(b)(1)(A)(ii). Our careful review leads us to conclude that it does not. We hold that Maryland's courts have construed Maryland's first degree burglary statute more broadly than the Supreme Court's definition of generic burglary. Specifically, there is a realistic probability that Maryland's statute covers burglaries of motor vehicles or boats—places that the United States Supreme Court has expressly excluded from generic burglary. Accordingly, we vacate Defendant's sentence, which the district court enhanced based on Defendant's prior conviction of first degree burglary in Maryland, and remand for resentencing.

I.

Jose Herbert Henriquez ("Defendant") pled guilty without a plea agreement to one count of unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). His

2

adjusted offense level was calculated to be 24, which consisted of a base offense level of 8, plus a 16-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") Section 2L1.2(b)(1)(A)(ii). The offense that triggered the 16-level enhancement was Defendant's 2000 Maryland conviction of first degree burglary, which the presentence report ("PSR") called a crime of violence. Over Defendant's objection, the district court applied the enhancement and sentenced Defendant to 41 months of imprisonment.[1]

In explaining its decision to apply the enhancement, the district court noted that U.S.S.G. Section 2L1.2(b)(1) "says burglary of a dwelling[,]" and that the Maryland statute "is four square within the language of the applicable Guideline Section 2L1.2 as 'burglary of a dwelling.'" J.A. 80–81. The district court also explained that "Maryland retains the more traditional" definition of burglary and "has not chosen to expand it to any old structure." J.A. 80.

Defendant filed a timely appeal and raises the same argument that he made below: that a conviction of first degree burglary in Maryland is not a crime of violence because

---

[1] The PSR recommended, and the district court granted, a 3-level reduction for Defendant's acceptance of responsibility. The resulting 41-month sentence was within the Guidelines range of 41 to 51 months for Defendant's total offense level of 21 and criminal history category of II.

Maryland's definition of burglary exceeds the scope of generic burglary as defined by the United States Supreme Court. Specifically, Defendant argues that first degree burglary in Maryland lacks a necessary element of generic burglary—that the crime take place in a building or structure. Defendant contends that because Maryland has not limited the term "dwelling" to buildings or structures, one could be convicted in Maryland of burglarizing boats or motor vehicles, which are enclosures that the Supreme Court has expressly excluded from the definition of generic burglary. Upon careful review, we must agree with Defendant.

## II.

A defendant convicted of illegally reentering the United States is subject to a sentencing enhancement if, before his removal, he had been convicted of a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Guidelines definition of "crime of violence" specifically includes "burglary of a dwelling." U.S.S.G. § 2L1.2(b)(1)(A) cmt. n.1(B)(iii). Whether a prior conviction qualifies as a crime of violence is a legal question that we review de novo. United States v. Bonilla, 687 F.3d 188, 190 (4th Cir. 2012), cert. denied, 134 S. Ct. 52 (2013).

4

A.

In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court considered whether "burglary" constituted a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[2] The Supreme Court sought to tease out "some uniform definition independent of the labels employed by the various States' criminal codes." Taylor, 495 U.S. at 592. The Court held that "[a]lthough the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598. The Supreme Court noted that "there is no problem" for convictions in states whose definitions of burglary are the same as—or narrower than—this generic definition. Id. at 599. But the same could not be said of states that "define burglary more broadly, e.g., . . . by including places, such as automobiles[,]" i.e., places "other than buildings." Id.

Fifteen years later, the Supreme Court stated even more clearly that the ACCA "makes burglary a violent felony only if

---

[2] Although Taylor pertained to the ACCA, we apply the same analysis to the question of whether a particular crime constitutes a "crime of violence" under the Guidelines. See United States v. Bonilla, 687 F.3d 188, 190 n.3 (4th Cir. 2012).

committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." Shepard v. United States, 544 U.S. 13, 15-16 (2005). Although Taylor and Shepard both involved the ACCA's enumerated crime of "burglary," rather than the Guidelines' enumerated crime of "burglary of a dwelling" at issue here, this Court has nonetheless applied Taylor's definition of generic burglary to the Guidelines' inquiry, "with the additional requirement that a burglary qualifying as a 'crime of violence' must involve a dwelling." Bonilla, 687 F.3d at 190–91 n.3 (citing, inter alia, United States v. Wenner, 351 F.3d 969, 973 (9th Cir. 2003) ("[T]he most logical and sensible reading of the Guidelines . . . is to construe 'burglary of a dwelling' as the Taylor definition of burglary, with the narrowing qualification that the burglary occur in a dwelling[.]")). Thus, before applying the enhancement in U.S.S.G. Section 2L1.2(b)(1)(A)(ii) to a defendant who previously had been convicted of burglary, a sentencing court must satisfy itself that the defendant's prior burglary conviction entailed the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. The sentencing court also must ensure that the burglary occurred in a dwelling, Bonilla, 687 F.3d at 190 n.3, and that the dwelling was not a

6

boat, motor vehicle, or other enclosure that is excluded from the definition of generic burglary, Shepard, 544 U.S. at 16.

Further, we employ the categorical approach here because "the crime of which the defendant was convicted has a single, indivisible set of elements." Descamps v. United States, 133 S. Ct. 2276, 2282 (2013). Our analysis is thus "restricted to 'the fact of conviction and the statutory definition of the prior offense.'" United States v. Aparicio-Soria, 740 F.3d 152, 154 (4th Cir. 2014) (en banc) (quoting Taylor, 495 U.S. at 603).

Finally, federal courts have no "authority to place a construction on a state statute different from the one rendered by the highest court of the State." Johnson v. Fankell, 520 U.S. 911, 916 (1997). Rather, "[t]o the extent that the statutory definition of the prior offense has been interpreted by the state's highest court, that interpretation constrains our analysis of the elements of state law." Aparicio-Soria, 740 F.3d at 154. With this legal framework in mind, we now turn to the text of Maryland's first degree burglary statute and the way in which the Maryland Court of Appeals has interpreted it.

B.

Section 6-202 of Maryland's criminal code provides that "[a] person may not break and enter the dwelling of another with the intent to commit theft or a crime of violence." Md. Code Ann., Crim. Law § 6-202(a). The statute does not define the

7

term "dwelling," and it was not until 2008 that the Maryland Court of Appeals, Maryland's highest court, considered "precisely what is meant by a 'dwelling[.]'" McKenzie v. State, 962 A.2d 998, 1001 (Md. 2008). After determining that "the General Assembly intended the meaning of 'dwelling,' insofar as the burglary statutes are concerned, to be subject to ongoing clarification in the case law[,]" id. at 1002, Maryland's high court reviewed opinions by the intermediate court, the Maryland Court of Special Appeals, id. at 1003–07.

The Court of Appeals explained that the intermediate court had developed the following test for determining whether a place was a dwelling under Maryland's burglary statutes:

> "The test as to whether or not a building is a dwelling house is whether or not it is used regularly as a place to sleep. No building becomes a dwelling by reason of the fact that someone may sleep there on rare occasions or take an occasional nap there[.]"

Id. at 1003 (quoting Poff v. State, 241 A.2d 898, 900 (Md. Ct. Spec. App. 1968)) (internal quotation marks omitted). The Court of Appeals described how the intermediate court applied that test in 1983 to hold that a recreational vehicle was a dwelling under Maryland's daytime housebreaking statute, and it recounted the intermediate court's explanation:

> [T]he "crucial factor" is "whether [the structure] is a place intended to be used, and in fact is used, as an abode and place for humans to sleep. . . . The paramount interest that [the daytime housebreaking statute] seeks to protect is the right of human

8

habitation to be free from the terror of an invader. Accordingly, it matters not what type of facility the individual chooses to use for his habitation, so long as he intends it to be his abode and so uses it."

Id. at 1005 (quoting Kanaras v. State, 460 A.2d 61, 71 (Md. Ct. Spec. App. 1983)).

To be sure, McKenzie involved the question of whether a temporarily unoccupied apartment constituted a "dwelling." It did not squarely present the question at issue here: whether an enclosure that is excluded from the federal definition of generic burglary—such as a boat or motor vehicle—can be a "dwelling" under Maryland's burglary statutes. But nothing in McKenzie indicates that the Court of Appeals found fault with the intermediate court's reasoning quoted above—reasoning that expressly captured recreational vehicles and easily could cover those boats and motor vehicles that people intend to use, and do use, as their dwellings.

Rather, the Maryland Court of Appeals has embraced a notion of the term "dwelling" that renders its first degree burglary statute broader than the Supreme Court's "generic burglary" definition. This is demonstrated by the Maryland high court's explicit adoption of "the reasoning and holding of the New Jersey Supreme Court in [State v. Scott, 776 A.2d 810 (N.J. 2001)]." Id. at 1007. The Maryland Court of Appeals explained that Scott defined "'dwelling' as 'a place where a person

9

resides and sleeps[,]'" id. at 1006 (quoting Scott, 776 A.2d at 814), and that Scott "is generally in line with the Court of Special Appeals' opinions we have discussed." Id. at 1007.

We, therefore, must conclude that Maryland's definition of a "dwelling" as used in its first degree burglary statute is a place where a person resides and sleeps. We decline to impose on this definition a limiting construction that would exclude boats or motor vehicles—enclosures not covered by the federal definition of generic burglary. And although we have found no Maryland Court of Appeals case that has defined a dwelling as a boat or motor vehicle—enclosures clearly outside the scope of the generic definition—such a case is unnecessary for our conclusion. We instead assess "whether there is a realistic probability" that Maryland "would apply its statute to conduct that falls outside the generic definition of" burglary. United States v. Perez-Perez, 737 F.3d 950, 955 (4th Cir. 2013) (quotation marks omitted).

We conclude that there is a realistic probability that Maryland would apply its first degree burglary statute to conduct that falls outside the Supreme Court's definition of "generic burglary." This conclusion is well-supported because the Maryland Court of Appeals has not limited the term "dwelling" to a building or structure. Further, the Maryland Court of Special Appeals has held a recreational vehicle to be a

10

dwelling—a holding that the Court of Appeals discussed and in no way rejected when it had the chance to do so in McKenzie.

We turn now to an examination of the parties' arguments.

III.

Defendant makes the simple argument that Maryland's courts have construed the term "dwelling" broadly enough to convict a person of burglarizing an enclosure excluded from the federal definition of generic burglary. Because the categorical approach precludes federal courts from looking to the facts underlying a prior conviction, a sentencing court would have no way to ensure that a first degree burglary conviction in Maryland did not involve an excluded enclosure—such as a boat or motor vehicle. Therefore, Defendant argues, the district court erred in applying the 16-level enhancement under Guidelines Section 2L1.2(b)(1)(A)(ii) for his prior conviction of first degree burglary in Maryland. For the reasons already discussed, we agree.

The Government counters that we should affirm Defendant's sentence because "Maryland's first-degree burglary statute fits well within the definition of 'burglary of a dwelling' for purposes of" Guidelines Section 2L1.2(b)(1)(A)(ii). Appellee's Br. at 11. The Government's argument is similar to the reasoning of the district court, which concluded that the

11

Maryland statute Defendant was convicted of violating "is four square within the language of the applicable Guideline Section 2L1.2 as 'burglary of a dwelling.'" J.A. 80.

The Government further contends that Taylor stands for the proposition that the definition of burglary under the ACCA is broader than the common law definition of burglary. And, as noted by the Supreme Court in Taylor, Maryland is "one of the few [states] . . . maintaining the narrow, more restrictive common-law definition" of burglary. Appellee's Br. at 11. Consequently, the Government argues, "Maryland's offense of first-degree burglary . . . fits squarely within the definition of 'burglary' as defined in Taylor." Id. We reject the Government's arguments.

It is true that Maryland's first degree burglary statute criminalizes the "burglary of a dwelling" in terms that exactly match those used in the commentary to the sentencing enhancement at issue here. Compare Md. Code Ann., Crim. Law § 6-202(a), with U.S.S.G. § 2L1.2(b)(1)(A) cmt. n.1(B)(iii). A mere comparison of the language, however, does not end the inquiry because the Maryland statute does not define the term "dwelling." We must, therefore, compare the Maryland state courts' application of the statute to the federal definition of generic burglary. As explained above, the ACCA "makes burglary a violent felony only if committed in a building or enclosed

12

space ('generic burglary'), not in a boat or motor vehicle." Shepard, 544 U.S. at 15-16. If a defendant could be convicted of burglarizing a dwelling that happens to be a boat or motor vehicle, Shepard precludes the application of the sentencing enhancement in Guidelines Section 2L1.2(b)(1)(A)(ii) to such a conviction.

It is easily conceivable that Defendant's first degree burglary conviction from 2000 involved one of Shepard's precluded structures: a boat or a motor vehicle. As noted, the Court of Special Appeals has already deemed a recreational vehicle a dwelling. Kanaras, 460 A.2d at 71. And if a dwelling is nothing more than "'a place where a person resides and sleeps[,]'" such a place may well be a houseboat, particularly in a state with as much waterfront as Maryland, or even a car. McKenzie, 962 A.2d at 1006 (quoting Scott, 776 A.2d at 814). Yet the United States Supreme Court has clearly excluded such enclosures from the definition of generic burglary and, consequently, from application of the crime of violence enhancement. Shepard, 544 U.S. at 16.

We are also unpersuaded by the Government's argument that Maryland's first degree burglary statute must be "narrow[er]," and thus, within, the generic definition of burglary because the Supreme Court in Taylor "specifically cited Maryland as one of four [s]tates that retained th[e] common-law definition" of

13

burglary. Appellee's Br. at 10. Put simply, the Supreme Court's mentioning of Maryland's burglary law nearly twenty-five years ago does not negate the need for federal sentencing courts to undertake the analysis described above. Since 1990, when Taylor was decided, Maryland's highest court has indicated that the elements of the statute codifying that state's burglary offenses are "subject to ongoing clarification in the case law." McKenzie, 962 A.2d at 1002. What's more, the Supreme Court's decision in Shepard "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." Shepard, 544 U.S. at 15–16. And at least one defendant in Maryland has had his conviction for daytime housebreaking upheld after the Court of Special Appeals determined that a recreational vehicle constituted a "dwelling" for the purposes of Maryland's burglary laws—a holding expressly recognized and left untouched by the Maryland Court of Appeals in McKenzie. Kanaras, 460 A.2d at 71.

In sum, we conclude that Maryland's first degree burglary statute encompasses "conduct that falls outside the generic definition" of burglary. Perez-Perez, 737 F.3d at 955 (quotation marks omitted). As a consequence, a Maryland conviction of first degree burglary cannot constitute a crime of violence for purposes of Guideline Section 2L1.2(b)(1)(A)(ii).

14

The district court erred by applying that enhancement, and Defendant's sentence must be vacated.

IV.

For the foregoing reasons, we vacate and remand Defendant's sentence.

VACATED AND REMANDED

DIANA GRIBBON MOTZ, Circuit Judge, dissenting:

There is much with which I agree in the fine majority opinion. I agree that "generic burglary" has been deemed a crime of violence sufficient to support an enhanced federal sentence. I agree that we employ the categorical approach to determine whether first-degree burglary in Maryland criminalizes no more than "generic burglary." I agree that the majority correctly states the elements of "generic burglary" and correctly applies those elements to the Guidelines context. Finally, I agree that, as a federal court, we have no authority "to place a construction on a state statute different from the one rendered by the highest court of the State." Johnson v. Fankell, 520 U.S. 911, 916 (1997). Indeed, it is precisely for these reasons that I must respectfully dissent. For in concluding that Maryland's first-degree burglary statute criminalizes more than "generic burglary," the majority does "place a construction" on that statute "different from the one rendered" by Maryland's highest court.

I.

In Taylor v. United States, the Supreme Court sought to provide, for purposes of a federal sentencing predicate, a "uniform definition [of burglary] independent of the labels employed by the various States' criminal codes." 495 U.S. 575,

16

592 (1990). Before settling on a "generic, contemporary meaning of burglary," id. at 598, the Court considered the traditional, common-law definition of burglary, i.e., the breaking and entering of a dwelling at night, with intent to commit a felony. In the course of doing so, the Court noted that common-law burglary is "the core, or common denominator" of contemporary burglary, id. at 592, and cited Maryland as a rare example of a state that has retained the narrow, common-law meaning or "something closely resembling" it, id. at 593 n.6.

Because most other states had expanded the definition of burglary beyond its common-law origins (e.g., to include unlawful entry during daytime and into structures other than dwellings), the Taylor Court adopted a definition of "generic burglary" that is broader than common-law burglary. Accordingly, the Court held that "generic burglary" includes "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 599. Immediately after adopting this broader, generic definition, the Court made clear that it includes common-law burglary. The Court explained that "burglary convictions in common-law States" categorically qualify as sentencing predicates because "the conviction necessarily implies that the defendant has been found guilty of all the elements of generic burglary." Id.

17

Although Taylor focused on the meaning of "burglary" under the Armed Career Criminal Act ("ACCA"), we apply Taylor's generic definition in the Guidelines context as well, with the added requirement that the burglary involve a dwelling. See United States v. Bonilla, 687 F.3d 188, 190-91 n.3 (4th Cir. 2012); see also U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (defining "crime of violence" to include "burglary of a dwelling"). Thus, because the categorical approach governs our inquiry here, Henriquez's Maryland conviction for first-degree burglary qualifies as a prior crime of violence if it contains the following elements: (1) an unlawful or unprivileged entry into (2) a building or other structure (3) that is a dwelling, with (4) intent to commit a crime.

## II.

Maryland's first-degree burglary statute provides that a "person may not break and enter the dwelling of another with intent to commit theft or a crime of violence." Md. Code Ann., Crim. Law § 6-202(a). This definition would seem, as the Supreme Court suggested in Taylor, to fit comfortably within the definition of "generic burglary." Yet my colleagues hold to the contrary because, while they recognize that the Maryland definition requires entry into a "dwelling," they contend that Maryland courts have construed the term "dwelling" broadly.

18

They say that under Maryland law a dwelling need not be a "building or other structure" as required by Taylor, but can be a motor vehicle or boat. With respect, I believe they have misread Maryland law.

"The common law felony of burglary crossed the seas from England and became a part of the common law of Maryland." Warfield v. State, 554 A.2d 1238, 1247 (Md. 1989). For centuries burglary remained a common-law offense in Maryland; only recently has the Maryland General Assembly adopted the statutory definition set forth above. McKenzie v. State, 962 A.2d 998, 1000 (Md. 2008). State statutes still do not define "dwelling," but do instruct that the term "retains its judicially determined meaning." Md. Code Ann., Crim. Law § 6-201. Under Maryland law, when a term "'retains its judicially determined meaning,' it is subject to continued clarification in case law." McKenzie, 962 A.2d at 1001.

In 2008, Maryland's highest court, the Court of Appeals, addressed the meaning of "dwelling" for purposes of the state's burglary statutes and made clear that the common-law definition of the term continues to control. Id. Indeed, the McKenzie court expressly noted that "the meaning of 'dwelling house' [i]s the same as its common law meaning for burglary purposes." Id. at 1003; see also id. at 1002 & 1002 n.1 (explaining that if a term "is not otherwise defined by statute, the common law

19

meaning is assumed to be intended" and noting that "Maryland's statutory offense of burglary in the first degree is most akin to common law burglary, without the element of 'in the nighttime.'"). Thus, although the meaning of "dwelling" is "subject to continued clarification in case law," id. at 1001, Maryland's highest court has recently explained that Maryland defines "dwelling" as it was defined at common law. And because generic burglary covers "at least the 'classic' common-law definition" of the crime, Taylor, 495 U.S. at 593 (emphasis added), Maryland first-degree burglary necessarily constitutes a crime sufficient to support an enhanced federal sentence.

My friends in the majority resist this straightforward conclusion on the ground that McKenzie indicates that in Maryland "a dwelling is nothing more than 'a place where a person resides and sleeps,'" and so, assertedly, encompasses boats and motor vehicles. Supra at 13. But, in fact, McKenzie neither holds nor suggests this. Rather, the McKenzie court expressly observed that "[t]he test as to whether or not a building is a 'dwelling house' is whether or not it is used regularly as a place to sleep. No building becomes a 'dwelling' by reason of the fact that someone may sleep there on rare occasions or take an occasional nap there." McKenzie, 962 A.2d at 1003 (quoting Poff v. State, 241 A.2d 898, 900 (Md. App.

20

1968)) (emphases added and alteration omitted).[1]  In Maryland, therefore, a person may be convicted of first-degree burglary only if he unlawfully enters a building or structure and that building or structure is a dwelling.

To be sure, Maryland courts have repeatedly stressed that a "dwelling," for burglary purposes, is a place where one resides and regularly sleeps.  See id. at 1003-06 (canvassing Maryland case law).  But they do so not because a dwelling need not be a building or structure.  Rather, it is because "[c]ommon law burglary and, by extension, Maryland's statutes prohibiting burglary of the 'dwelling of another,' are crimes against habitation."  Id. at 1002 (citing W. Blackstone, 4 Commentaries 169; R. Perkins & R. Boyce, Criminal Law, ch. 3 § 1 (3d ed. 1982); W. LaFave & A. Scott, Substantive Criminal Law, § 8.13(c) (1986)).  Unlike the more expansive generic definition of burglary, which covers all buildings and structures, common-law (and so Maryland) burglary covers only buildings and structures used as a "dwelling."  See LaFave & Scott at § 8.13(c).  And, under Maryland law "[a] structure does not become a dwelling until someone occupies it."  McKenzie, 962 A.2d at 1002.

---

[1]  Notably, in its three-page discussion of the term "dwelling," the McKenzie court recognized more than twenty-five times that, for purposes of Maryland burglary law, a "dwelling" is a "building" or "structure," or a unit within a "building" or "structure."  See id. at 1003-05.

21

Maryland courts, moreover, have consistently rejected efforts to stretch the definition of "dwelling" beyond its narrow origins. Maryland's intermediate appellate court, the Court of Special Appeals, for example, has held that basements of apartment buildings, vacant apartment rooms, furnished but never occupied homes, warehouses, and churches are not "dwellings" within the meaning of the state's burglary statutes. Id. at 1003-05 (collecting cases); see also Sizemore v. State, 272 A.2d 824, 827 (Md. App. 1971) ("a church is not a dwelling house"). By contrast, any one of those places would satisfy the generic definition of burglary. See W. LaFave, 3 Substantive Criminal Law § 21.1 (2d ed. 2003) (explaining that contrary to the common-law requirement that burglary involve a dwelling, "statutes today typically use a much broader term, such as 'building' or 'structure'"). In sum, Maryland's requirement that a "dwelling" be a place where one resides and sleeps renders it narrower, not broader, than Taylor's buildings and structures.[2]

---

[2] For the same reason, State v. Scott, 776 A.2d 810 (N.J. 2001), is no help to the majority. Like Maryland, New Jersey follows the common law meaning of "dwelling." Id. at 814 (explaining that because the New Jersey legislature failed to define 'dwelling,' the court must "consider the common-law definition of that term"). Moreover, the jury in Scott was expressly instructed to "make a determination whether, one, [the temporarily unoccupied apartment in question] was a structure, and two, whether the structure was a dwelling." Id. at 812.

22

Nothing in Kanaras v. State, 460 A.2d 61 (Md. App. 1983) is to the contrary. In Kanaras, the Court of Special Appeals held that a stationary motor home that had, for several weeks, been parked at a campground and hooked up to electrical and plumbing services, was a "dwelling" for burglary purposes. Id. at 71-72. The court noted that burglary law was "developed for the purpose of protecting the habitation of an individual," and that a "dwelling" must therefore be a place where one lives and sleeps. Id. at 69. But, Kanaras recognized, a "dwelling" need not be a "permanent structure so long as persons intend to live in the structure and in fact use it as an abode for human habitation." Id. at 71 (emphases added). Thus, although the Kanaras court stated that "it matters not what type of facility the individual chooses to use for his habitation," it did so simply to underscore that a "dwelling" need not be "a formal traditional mortar and brick" home so long as it is otherwise a building or structure. Id.

Furthermore, the Kanaras court was careful to confine its holding to the "facts before" it. Id. at 72; see also McKenzie, 962 A.2d at 1005 (explaining that Kanaras was rooted in the common law and confined to the "facts presented"). It specifically cautioned: "We do not hold that under all circumstances a motor home is a dwelling house." Id. at 72. Rather, it noted that it "might reach a different result" under

23

different facts -- e.g., had the motor home been "simply parked on a street rather than a campsite" and not "connected to health conveniences." Id. at 71. By emphasizing that the motor home was "stationary and connected for electrical and sanitary conveniences," the Kanaras court made clear that it was a "structure" affixed to the ground, and therefore qualified as a "dwelling." Id. Not only did the court not extend the definition of dwelling to boats and cars, it expressly warned that a car or other vehicle, "used as a vehicle primarily for transportation purposes, should not be regarded as a dwelling house, even if occasionally used for sleeping." Id. at 69 (emphasis added).[3]

Kanaras, in short, did not stretch the meaning of "dwelling" to motor vehicles or boats. Instead, it faithfully followed the common-law definition of "dwelling," construing the term as a "building or other structure," Taylor, 495 U.S. at 599, in which a person resides and sleeps. Indeed, the trial

---

[3] I note that my colleagues' suggestion that "dwelling" encompasses cars would render superfluous a separate, more specific Maryland statute. See Md. Code Ann., Crim. Law § 6-206 (forbidding the "breaking and entering [of a] motor vehicle"). This, of course, is at odds with Supreme Court instruction that we avoid construing a statute in a way that renders another more specific statute superfluous. See, e.g., RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 2065, 2071 (2012).

24

court in <u>Kanaras</u> expressly instructed the jury that "a dwelling house refers to a <u>structure</u> which is used regularly as a place to sleep" and that "[i]n order to find the defendant guilty . . . you <u>must</u> <u>find</u> that the camper or motor home was a <u>structure</u> regularly used as a place to sleep."  460 A.2d at 72 (emphases added).  If, as the majority holds, entry into a "structure" was not an element of burglary under Maryland law, this jury instruction would have been erroneous.  That the <u>Kanaras</u> court held that the trial judge "did not err" in "giving [this] instruction" removes any doubt as to the question whether a "dwelling," for purposes of Maryland's burglary statutes, requires entry into a "building or other structure."[4]

## III.

In sum, Maryland's first-degree burglary statute tracks the common law and so is "narrower than the generic" definition developed in <u>Taylor</u>, 495 U.S. at 598.  Henriquez's conviction

---

[4] Thus, in <u>United States v. Martin</u>, No. 12-5001, -- F.3d -- (4th Cir. 2014), we recently held that Maryland's <u>fourth</u>-degree burglary statute -- which provides in relevant part that "[a] person may not break and enter the dwelling of another," Md. Code Ann., Crim. Law § 6-205(a) -- does not qualify as generic burglary because it "does not require that the defendant have the intent to commit a crime when he enters the dwelling."  <u>Id.</u> at *5-6.  Neither Martin's lawyer nor the court suggested that the Maryland statute did not constitute generic burglary because, pursuant to Maryland law, a "dwelling" need not be a "building or other structure."

25

thus "necessarily implies that [he] has been found guilty of all the elements of generic burglary."  Id. at 599.  Accordingly, that conviction categorically qualifies as a proper federal sentencing predicate.  I would affirm.