PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring in the judgment:
Today our Court is. urged to tread a path that defies the overarching purpose *215 of congressionally authorized enhancements of criminal sentences in federal court. Congress authorizes enhancement of a sentence if the defendant has prior convictions of certain crimes, including state-court convictions. These enhancements lie in a larger matrix of sentencing guidelines. The guidelines form a large pattern of sentencing regulation whose very structure was born of the effort to achieve sentencing fairness among defendants by assuring that the conduct made criminal had equal weight across all defendants. When a sentencing court looks at prior criminal conduct captured in state-court convictions, varied labels among the states for the same criminal conduct challenge its effort. The fix was to adopt a generic federal metric—here, for burglary. And to assure that all defendants were treated the same for the same conduct, a state-court label of a crime, would not control. For example, a state, opting to expand its definition of burglary to include a petty theft committed while trespassing, as it is free to do, would create disparities in sentencing defendants who have engaged in quite different conduct.
All this is rote. But much follows from these basic principles of evenhanded sentencing and their deploy in the effort to mitigate the corrosive bite of disparity into the reality and presentment of an evenhanded judiciary. It is apparent that the effort is ill-served by gathering as many states as possible under a common label. That our federal template is not met by all states is no failure. To the contrary, sweeping all state definitions of “burglary” into the federal rule is a pursuit for a “uniformity” that defies' the central purpose of assigning similar weight in sentencing to similar conduct. Stated directly, it confounds the congressional purpose. These realities must inform our reading of the Supreme Court’s generic formulation.
The federal circuits differ over the meaning of the phrase “remaining in” in the Supreme Court’s generic definition of burglary.[1] Broadly speaking, circuits offer two competing views. The first view is that the act of “remaining in” a building for purposes of generic burglary “is a discrete event that occurs at the moment when a perpetrator, who at one point was lawfully present, exceeds his license and overstays his welcome.”[2] The oft-given example is the bank customer who enters during business hours, then hides until after closing, so that when the bank is empty, he can take the bank’s money.[3] Under this view, the act of “remaining in” occurs at a discrete point in time, and to constitute burglary, the perpetrator must have intended to commit a further crime at that discrete point.[4] '
The competing view interprets “remaining in” to. be a continuous undertaking or condition that exists for the entire duration that a perpetrator is inside of a building.[5] Under this view, if at any point during a trespass the perpetrator forms the intent to commit a further crime, he converts his *216 presence from a trespass into a full-blown burglary because the intent to commit a further crime was formed “while remaining in.”[6] By this view, the perpetrator need not have had criminal intent at the time the trespass began, he need only have developed it at some point during the trespass—even immediately prior to committing the further crime inside the building.[7] As the Ohio Supreme Court explains its state law, “a person ... is continuing a criminal trespass so long as he is there without permission. Thus, if during the course of this trespass a defendant forms the purpose to commit a felony offense, the crime of aggravated burglary is committed at that time.” [8] This view criminalizes conduct more broadly.
We must decide which of the two views the Supreme Court intended to encapsulate when it included “remaining in” as an alternative to “entry” in its generic definition of burglary. The answer has relevance because a minority of states have given the phrase “remaining in” in their burglary statutes the broad interpretation—the survey of the special concurrence supposedly identifies fourteen. All else equal, those states’ burglary convictions fall within generic burglary only if the Supreme Court’s ‘Temaining in” language in the generic definition is given the same, broad construction. Additionally, two states have enacted “burglary” provisions that criminalize no more than unlawful entry and subsequent commission of a crime;[9] burglary convictions under those provisions similarly come within generic burglary only through the “remaining in” alternative construed broadly.
We took the narrower approach to generic burglary’s “remaining in” language in United States v. Herrera-Montes.[10] There, we were confronted with whether the Tennessee statute cited above, which is labeled “burglary” but criminalizes nothing more than committing a crime while being a trespasser, was generic burglary for the purposes of the Sentencing Guidelines.[11] That Tennessee provision could have come within generic burglary only under a broad reading of “remaining in” in the generic definition. We rejected that broad reading, explaining disapprovingly that “if the intent could be formed anytime, then evety crime' committed after an unlawful entry or remaining in would be burglary.”[12] A contrary holding would have swept too broadly, giving the same weight to criminal conduct having in common only the label of burglary.
The special concurrence calls Herrera-Montes’s discussion of the “remaining in” alternative of generic burglary “offhanded,” “entirely gratuitous,” and “entirely unnecessary” dicta. Yet, the very eases that it advocates this circuit follow acknowledge that statutes like Tennessee’s can be generic burglary only under the remaining-in alternative.[13] The special con *217 currence’s conclusion that Herrera-Montes opined on an issue not before it, which focuses only on the fact that the Tennessee statute does not contain the words “remaining in,” is therefore erroneous.
That precedent disposes of this appeal. Bernel-Aveja’s statute of conviction, Ohio third-degree burglary, incorporates the phrase “remaining in,” and the Ohio Supreme Court has ascribed to it the broader reading such that it criminalizes conduct every bit as broadly as the Tennessee provision in Herrera-Montes.[14] Both statutes of conviction are broader than generic burglary, and cannot support a sentencing enhancement as the enumerated crime of “burglary of a dwelling.”
The special concurrence calls for en banc departure from this precedent, preferring the broad reading of “remaining in” burglary. It faults the narrow view for failing to include all such state “burglary” convictions within the generic definition. That position- confounds the purpose of evenhanded sentencing -sought after by the Sentencing Guidelines and related statutes. It also fouls the mandate of Taylor itself.
The Supreme Court’s discussion in Taylor undermines the special concurrence’s misplaced emphasis on not allowing any states to be “left out” of burglary sentencing enhancements. The Court was clear to the point of redundancy that “the meaning of ‘burglary’ for purposes of [the ACCA]” does not “depend on the definition adopted by the State of conviction.”[15] The Court specifically cited multiple examples of states that it believed defined burglary too broadly to come within the generic definition.[16] It concluded that “ ‘burglary’ in [the ACCA] must have some uniform definition independent of the labels employed by the various States’ criminal codes.”[17] The Court recently reaffirmed that “the label a State assigns to a crime—-whether- ‘burglary,’ ‘breaking and entering,’ or something else entirely—has no relevance to whether that offense is an ACCA predicate.”[18]
The Court declined to incorporate the state definitions of burglary into the ACCA primarily because “[t]hat would mean that a person convicted of unlawful possession of a firearm would, or would not, receive a sentence enhancement based on exactly the same conduct, depending on whether the State of his prior conviction happened to call that conduct ‘burglary.’ ”[19] The position advocated by the special concurrence leads to precisely that undesirable result: teenagers who remain in a house beyond their invitation intending only to party, then later decide to steal, earn themselves a burglary "conviction in (among other states) Ohio, Texas, and Tennessee, but not in the majority of *218 states. Under the special concurrence’s view, whether those identical perpetrators who conducted themselves identically have committed “violent felonies” under the ACCA and Sentencing Guidelines would depend entirely on the jurisdiction of conviction—an arbitrary distinction that the Court found it “implausible” for Congress to have intended.[20]
That a small number of states’ burglary convictions might be excluded from the generic definition of burglary for purposes of sentencing enhancement is not an alarming result. To the contrary, it is a desired by-product of Taylor. The Supreme Court contemplated that some state burglary convictions would fall outside of its generic definition due to the various idiosyncrasies and vagaries of state burglary statutes.[21] The select few states who interpret their burglary statutes as nothing more than “a location enhancement for what might otherwise be petty theft”[22] need not, and should not, frustrate Taylor’s effort to fend off disparate federal sentencing" from the want of common meaning in labeling criminal conduct by the states.
The reading of , generic burglary proffered by the special concurrence strains common sense, an elusive element in federal sentencing today. The Supreme Court made .clear that generic burglary requires “an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.”[23] “Remaining in” is used as an alternative means to “entry,” -and the two are set in parallel with one another, A natural reading suggests that both refer to the initiation of the trespass, and the' use of the dependent clause “with intent to commit a crime” suggests that the intent must exist contemporaneously with that initiation. Instead, the special concurrence would have us read “remaining in” to reach every crime committed while trespassing inside a building, regardless when intent to commit that crime was formed. Indeed, the special concurrence’s reading of “remaining in” renders “entry” superfluous in the Court’s generic definition because under that view, every unlawful entry, becomes unlawful remaining in immediately on entry.[24]
The circuits that have been persuaded to adopt the broad reading of “remaining in” generic burglary have done so because the Supreme Court, in announcing the categorical approach, instructed courts that “the exact formulations may vary” and to look whether the statute “corresponds in substance to the generic meaning.”[25]1 do not take that to -be a . charge to dispense with the most fundamental character of burglary: that the perpetrator trespass while already harboring intent to commit a further crime. Rather, the language was to disavow any reliance on formal labels. The Court’s categorical approach is quite exacting, as has recently been iterated.[26] Indeed, slight expansion beyond generic burglary takes a statute of conviction outside *219 the definition.[27] Surely so crimes lacking the fundamental character of burglary.
Contemporary burglary statutes have developed significantly from their common law roots; the Court’s generic definition recognizes as much.[28] But however states may elect to define burglary, the federal generic definition must in a discernable way present as kindred of the common law crime of burglary, albeit shed of strictures such as nighttime and occupied dwelling— something that the interpretation being urged in the special concurrence fails to do. It is entirely each state’s prerogative how broadly to construe its burglary statute, but the generic metric of burglary should not be read to invite similar 'treatment for dissimilar offenders. And a shoplifter is a world apart from one who enters or remains in a building with intent to steal—different enough, at least, that Congress focused its efforts to enhance sentences on the wave of- professional criminals whose main financial support rests on burglary.[29]
Assuming the accuracy of the survey undertaken by the special concurrence, fourteen states have given the phrase “remaining in” in their burglary statutes the broad construction. Which side of the instant debate one prefers only has the potential to affect whether those fourteen state burglary statutes are included as generic burglary; the special concurrence seeks to include them all, and the view expressed here may have the effect of excluding them. Some of them may already be excluded from generic burglary for a different reason entirely. It is nigh impossible to determine in a prospective manner the subtle contours of what every state burglary provision requires. This is precisely the reason that the Supreme Court sought to free federal courts from the burden of undertaking extensive state surveys.
I must disagree with my colleague’s special concurrence and with the suggestions in the panel majority’s opinion that this circuit’s precedent is in error. I concur in the judgment.

. See Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (“[T]he generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.”).

. United States v. McArthur, 836 F.3d 931, 944 (8th Cir. 2016).

. 3 Wavne R. LaFave, Substantive Criminal Law § 21.1(b)(2d ed.).

. Id. (“This means, of course, that the requisite intent to commit a crime within need only exist at the time the defendant unlawfully remained within.”).

. See United States v. Bonilla, 687 F.3d 188, 193-94 (4th Cir. 2012).

. Id. at 194 (emphasis added).

. See, e.g., State v. Fontes, 87 Ohio St.3d 527, 721 N.E.2d 1037, 1038-40 (2000) (trespasser who spontaneously decided to rape inhabitant upon discovering her sleeping became a burglar under Ohio law as a result).

. Id. at 1039-40.

. Tenn. Code Ann. § 39-14-402(a)(3) ("A person commits burglary who, without the effective consent of the property owner: ... Enters a building and commits or attempts to commit a felony, theft or assault.”); Tex. Penal Code § 30.02(a)(3) (similar).

. 490 F.3d 390 (5th Cir. 2007).

. Id. at 391 (citing Tenn. Code Ann. § 39-14-402(a)(3)).

. Herrera-Montes, 490 F.3d at 392 n.1.

. See United States v. Priddy, 808 F.3d 676, 685 (6th Cir. 2015) ("And, burglary under [Tenn. Code Ann.] § 39-14-402(a)(3) is also a *217 “remaining-in” variant of generic burglary because someone who enters a building or structure and, while inside, commits or attempts to commit a felony will necessarily have remained inside the building or structure to do so.” (emphasis added)); Bonilla, 687 F.3d at 194 ("[A] defendant convicted under [Tex. Penal Code] section [30.02](a)(3) necessarily developed the intent to commit the crime while remaining in the building, if he did not have it at the moment he entered.” (emphasis added)).

. See Fontes, 721 N.E.2d at 1040 ("Accordingly, we hold that for purposes of defining the offense of aggravated burglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass.”).

. Taylor, 495 U.S. at 590, 110 S.Ct. 2143.

. Id. at 591, 110 S.Ct. 2143.

. Id. at 592, 110 S.Ct. 2143.

. Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2251, 195 L.Ed.2d 604 (2016).

. Taylor, 495 U.S. at 590-91, 110 S.Ct. 2143.

. Id. at 590, 110 S.Ct 2143.

. See Taylor, 495 U.S. at 590-92, 110 S.Ct. 2143.

. Helen A. Anderson, From the Thief in the Night to the Guest who Stayed Too Long: The Evolution of Burglary in the Shadow of the Common Law, 45 Ind. L. Rev. 629, 647 (2012).

. Taylor, 495 U.S. at 598, 110 S.Ct. 2143 (emphasis added).

. McArthur, 836 F.3d at 944.

. See Priddy, 808 F.3d at 685 (citing Taylor, 495 U.S. at 602, 110 S.Ct. 2143); Bonilla, 687 F.3d at 194 (citing Taylor, 495 U.S. at 599, 110 S.Ct. 2143).

. See Mathis, 136 S.Ct. at 2248-50.

. Id. at 2250 (Iowa burglary not generic burglary because it includes unlawful entry into vehicles, not just buildings); Taylor, 495 U.S. at 591, 110 S.Ct, 2143 (California burglary not generic burglary because it supports a conviction even when entry was lawful).

. See Taylor, 495 U.S. at 592-96, 110 S.Ct. 2143.

. Id. at 584-85, 110 S.Ct. 2143.