776 A.2d 810

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. LAMONT E. SCOTT, DEFENDANT–RESPONDENT.

Argued March 13, 2001—Decided July 24, 2001.

*Jack L. Weinberg,* Assistant Prosecutor, argued the cause for appellant, (*Lee A. Solomon,* Camden County Prosecutor, attorney).

*Alyssa A. Aiello,* Assistant Deputy Public Defender, argued the cause, for respondent, (*Peter A. Garcia,* Acting Public Defender, attorney).

*Lora B. Glick,* Deputy Attorney General, argued the cause, for amicus curiae, Attorney General of New Jersey, (*John J. Farmer, Jr.,* Attorney General, attorney).

The opinion of the Court was delivered by

ZAZZALI, J.

The issue presented in this appeal is whether an unoccupied apartment that is available for rent retains the status of a "dwelling" for purposes of the criminal trespass statute. Defendant Lamont E. Scott was arrested after breaking into a vacant apartment. In an unreported opinion, the Appellate Division reversed defendant's fourth-degree criminal trespass conviction

and directed entry of a judgment convicting him of the lesser-included disorderly persons offense of criminal trespass. The court held that the vacant apartment did not constitute a "dwelling" under *N.J.S.A.* 2C:18–3a because the "apartment was between rentals, [and] there was no one who actually occupied it or who had the right to occupy it for residential purposes." Because we conclude that an unoccupied apartment that is between rentals and suitable for occupancy is a dwelling for purposes of the criminal trespass statute, we reverse.

I

Apartment 502 of the Meadow View Court Apartments in Lindenwold is a townhouse with two floors, two bedrooms, and two and a half baths. The apartment had been vacant since April 30, 1997, and did not contain any furnishings, personal belongings, or amenities, other than basic appliances. The apartment's water and electricity, however, were in service. On May 27, 1997, Property Superintendent Tim Moran was in Apartment 502 getting the unit ready for a certificate of occupancy in anticipation of new tenants who were scheduled to move in on June 1, 1997. On May 28, 1997, Moran returned to the apartment to finish his work and observed defendant in one of the bedrooms. Moran exited the apartment and asked a neighbor to call the police. Two Lindenwold police officers arrived and arrested defendant after a struggle.

Defendant subsequently was charged with third-degree burglary, in violation of *N.J.S.A.* 2C:18–2 (count one); third-degree aggravated assault on a police officer, in violation of *N.J.S.A.* 2C:12–1b(5) (counts two and three); and fourth-degree resisting arrest, in violation of *N.J.S.A.* 2C:29–2a (count four). Defendant entered a plea of not guilty. At the close of the three-day trial, defense counsel made a motion to dismiss the burglary charge because the apartment was vacant at the time of the incident. The trial court denied the motion and stated that the apartment

was not vacant, noting that the apartment contained carpeting, plumbing, pipes, and appliances, such as a dishwasher.

When charging the jury, the trial court gave the following instruction:

Now, in the event you find the defendant guilty of criminal trespass beyond a reasonable doubt, you must also determine whether the crime was committed in a dwelling. Now, a dwelling is a private home, a place where a person resides and sleeps. A building—a building that is vacant and uninhabited without residents or tenants is not a dwelling within the meaning of the statute. *When a structure sits vacant for a substantial period of time, it may lose its character as a dwelling.*

In other words ... you're going to have to remember the facts of the case and make a determination whether, one, it was a structure, and two, whether the structure was a dwelling.

[Emphasis added.]

During deliberations, the jury requested clarification on the definition of "dwelling" and what constitutes a "substantial amount of time." The trial court responded:

[W]hen I charged you before I instructed [that] a dwelling is a private home, a place where a person resides and sleeps.

Now, a building that is vacant and uninhabitable, without residents or tenants, is not a dwelling within the meaning of the statute. Therefore, *if you find that something is a structure and you find it—it was a dwelling, it's character may change. When a structure sits vacant for a substantial period of time, it may lose its character as a dwelling.* Now ... you have to determine ... whether the nature of the structure was so altered by time that that would change its—its definition and it would be no longer a dwelling. You may consider ... what if anything was changed, what was lacking.

*Now, you have asked what is substantial. You, the jury, have to determine in your own minds and make your decision what is a substantial period of time.* The dictionary defines substantial as meaning ample or considerable in importance or extent.

[Emphasis added.]

The jury returned a not guilty verdict on count one charging third-degree burglary. The jury, however, convicted defendant of the lesser-included offense of fourth-degree criminal trespass, *N.J.S.A.* 2C:18–3a, necessarily determining that Apartment 502 was a "dwelling." In addition, the jury convicted defendant on the remaining three counts. Defendant appealed.

The Appellate Division reversed defendant's conviction of fourth-degree criminal trespass and directed entry of a judgment

of conviction of the disorderly persons offense of criminal trespass. The panel agreed with defendant that "the State's proofs, while adequate to sustain a conviction of the lesser-included disorderly persons offense of criminal trespass into a structure, were insufficient to support a conviction of criminal trespass into a dwelling." The Appellate Division reasoned that a "dwelling" is a structure that "must be either occupied by people who live there or who have an immediate right of occupancy." Because a new tenant was not residing in the apartment at the time of defendant's trespass, the court found that no one actually occupied the apartment or had the immediate right to occupy it for residential purposes. The Appellate Division also determined that it was error for the trial court to charge that if a residence is vacant for a substantial period of time, it may lose its character as a dwelling. Finally, the court concluded that consecutive sentencing was appropriate in this case because the offense of criminal trespass and the aggravated assault on the police officers, committed when defendant resisted arrest, were distinct and separate crimes.

We granted the State's petition for certification. 165 *N.J.* 603, 762 *A.*2d 217 (2000).

## II

The criminal trespass statute, *N.J.S.A.* 2C:18–3a, provides:

A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any research facility, structure, or separately secured or occupied portion thereof. An offense under this subsection is a crime of the fourth degree if it is committed in a school.... *The offense is a crime of the fourth degree if it is committed in a dwelling* .... *Otherwise it is a disorderly persons offense.*

[Emphasis added.]

The statute also provides an affirmative defense to the conviction of criminal trespass if the "structure involved in an offense under subsection a. was abandoned." *N.J.S.A.* 2C:18–3d(1).

An earlier version of *N.J.S.A.* 2C:18–3a provided that a "person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any building or

*occupied* structure." *L.* 1978, *c.* 95 (emphasis added). If the offense was committed in a dwelling, it was a crime of the fourth degree. *Ibid.* In 1980, the Legislature amended the language of both the burglary and criminal trespass provisions to expand the categories of properties to be protected against unauthorized entry. *L.* 1980, *c.* 112. Specifically, the Legislature deleted the qualifying terms "building or occupied" in describing the type of "structure" that falls within the scope of the statute. That phrase was deleted

> to clarify that the unlawful entry for unlawful purposes of any room or building, or form of conveyance, as well as the unlawful entry for unlawful purposes of any place adapted for overnight accommodation or carrying on business, constitutes a burglary. This clarification is accomplished by *the broadening of the term "structure"* as used in Chapter 18 of the penal code which covers burglary and criminal trespass.
>
> [Assembly Judiciary, Law, Public Safety and Defense Committee, Statement to S–884, June 5, 1980 (emphasis added).]

*See also* Governor's Message to Senate Bill No. 884 (Sept. 19, 1980) (explaining that amendments "expand[ed] the definition of 'structure' to include certain unoccupied places").

The legislative history makes clear that a "structure" currently need not be occupied to be a "dwelling." Beyond that, however, the Legislature has not defined "dwelling," at least not within the context of the criminal trespass statute. Cannel, *New Jersey Criminal Code Annotated*, comment 3 on *N.J.S.A.* 2C:18–3, at 496 (2001); see *N.J.S.A.* 2C:3–11c (defining dwelling within context of justification defense).

██ The Legislature's failure to define "dwelling" requires that we consider the common-law definition of the term. See *Commonwealth v. Ricardo*, 26 *Mass.App.* 345, 526 *N.E.*2d 1340, 1346–47 (Mass.App.Ct. 1988) (holding that Legislature's failure to define "dwelling house" in burglary statute meant common-law definition intended). New Jersey common law defines "dwelling" as "a place where a person resides and sleeps." Cannel, *supra*, comment 3 on *N.J.S.A.* 2C:18–3 (citing *Conners v. State*, 1883 WL 8104, 45 *N.J.L.* 340, 342 (N.J.1883); *State v. Wilson*, 1 *N.J.L.* 439, 1793 WL 469 (N.J.1793)). Thus, there can be little doubt that rental units,

including apartments, generally fall within the common-law definition of dwelling. *State v. Hobgood,* 112 *N.C.App.* 262, 434 *S.E.*2d 881, 883 (1993) ("When [an apartment] is in the ordinary course of events used as a dwelling or for sleeping by either the owner, his family, or a renter, it qualifies as a dwelling or sleeping apartment within the meaning of the ... statute."). Indeed, there are over one million renter-occupied units in New Jersey alone. N.J. Dep't of Labor, *Census 2000 Data for New Jersey,* Table DP–1 (May 2001) (visited June 12, 2001) <http://www.wnjpin.state.nj.us>.

Vacation homes, cabins, seasonal cottages, and similar residences are appropriate analogues to a vacant apartment because they are generally maintained during the off-season vacancy, and are to be occupied after the period of the vacancy. Vacation homes have been considered "dwelling houses" even if at the time of the break-in the owner had not occupied the home for several months. See *Moore v. State,* 35 *Ala.App.* 95, 44 *So.*2d 262, 264 (1950) (holding vacation home could be considered to be a "dwelling house"); *People v. Smith,* 209 *Ill.App.*3d 1091, 154 *Ill.Dec.* 417, 568 *N.E.*2d 417, 420 (1991) (holding that vacation "cabin" is "dwelling" within meaning of residential burglary statute); *State v. Albert,* 426 *A.*2d 1370, 1374 (Me.1981) (holding that summer cottage was "dwelling" even in winter months when cottage was vacant and utilities were turned off); *Washington v. State,* 753 *So.*2d 475, 477–78 (Miss.App.Ct.1999) (holding that building where owner stayed for ten to fifteen weeks each year was "dwelling" under state's burglary statute); *Gillum v. State,* 468 *So.*2d 856, 859 (Miss.1985) (holding that "seasonal or intermittent use of a residence ... does not prevent it from becoming a dwelling"); *People v. Sheirod,* 124 *A.D.*2d 14, 510 *N.Y.S.*2d 945, 948 (N.Y.App. Div.1987) (considering residence dwelling because absence by homeowner for one year "temporary"). Because the owners or others are likely to return to a vacation home, the common law recognizes the possibility that someone may be present at the time of an unlawful entry, thereby establishing the vacation home as a "dwelling."

■ In *State v. Crutcher*, 313 *N.J.Super.* 203, 208, 713 *A.*2d 40 (App.Div.1998), the court considered whether an unoccupied house lost its status as a "dwelling" under N.J.S.A. 2C:18–3a. The house in Crutcher had been unoccupied for nearly a year and the "water, gas and electricity had been disconnected prior to defendant's arrest." *Id.* at 205, 713 *A.*2d 40. Crutcher concluded that the house in question "lost its character as a dwelling when it sat vacant for a substantial period." *Id.* at 211, 713 *A.*2d 40. Crutcher is relevant to our analysis only because of its facts. The court determined that the house in Crutcher was "essentially uninhabitable" because it was unoccupied for nearly a year, did not have working utilities, and was in no way maintained. *Id.* at 211, 713 *A.*2d 40. Such circumstances are distinct from the rental apartment in this case. A substantial period of time in which a home is unoccupied is merely one factor that courts may use to determine whether it is vacant. However, overemphasizing the length of the vacancy may be misleading in the context of rental apartments. Instead, the critical inquiry regarding rental apartments is whether the unit is available and suitable for rent. In between rentals, the presumption is that the apartment is maintained by a landlord who is seeking new tenants. If those facts are proven, the apartment is a dwelling for purposes of the criminal trespass statute.

## III

■ We conclude that an unoccupied apartment that is between rentals but is suitable for occupancy is a dwelling for purposes of the criminal trespass statute. In this case, Apartment 502 was vacant for less than one month and was to be reoccupied within a few days' time. The utilities were in service, and renovation was taking place so that the new tenants could move into the unit. The fact that tenants were three days away from moving into Apartment 502 should not deprive the structure of its status as a "dwelling." Rental apartments are designed for and operated with an eye toward full occupancy. Although there may be

periods of time between occupancies, the nature of apartment units reinforces the substantial likelihood that people will be returning to inhabit the rental unit at any given time, as in the case of a vacation home.

In holding that an empty apartment available for rent is a dwelling, we consider modern realities, including the fact that many citizens live in close proximity to their neighbors in densely populated areas. Apartment dwellers will feel more secure in their homes if they know that the surrounding apartments, even apartments between rentals, are also considered to be dwellings within the meaning of the burglary and trespass statutes. A community-based sense of security is appropriate, indeed essential. When a trespasser breaks into an unoccupied unit of a multi-unit apartment complex, that trespass poses a security risk—a threat—to residents of other apartments. Recognizing an apartment to be a dwelling within the meaning of the burglary and trespass statutes is in the interest of the sizeable number of New Jerseyans who live in apartments and enhances protection for the entire community.

## IV

The charge in this case was consistent with the decision in *State v. Crutcher, supra*, 313 *N.J.Super.* 203, 713 *A.*2d 40, and with the recent modification to the criminal trespass jury charge as adopted by the Committee on Model Jury Charges, Criminal. The Model Jury Charge for criminal trespass was revised on September 14, 1998, and defines "dwelling" in the following manner:

If and only if you find the defendant guilty of criminal trespass, you must also determine whether the State has proven beyond a reasonable doubt that the offense was committed:

1.) In a dwelling. A dwelling is a private home, a place where a person resides and sleeps. [CHARGE WHERE APPLICABLE]: a building that is vacant, without residents or tenants, is not a dwelling within the meaning of this statute.

That portion of the model charge refers to a footnote citing *State v. Crutcher, supra*, 313 *N.J.Super.* at 211, 713 *A.*2d 40 (noting that

the "structure lost its character as a dwelling when it sat vacant for a substantial period").

Although the trial court charged the principles of Crutcher in this case, we see no need for a retrial. As we have discussed, the apartment in this appeal was undoubtedly a dwelling. No reasonable jury could conclude otherwise. Because there was no need for the jury to consider the issue, the trial court's instructions do not warrant reversal.

We request that the Model Jury Charge—Criminal Committee reconsider the Model Jury Charge in light of our decision. The Committee may choose to amend the Model Charge to clarify that a "dwelling" is any structure where individuals reside and sleep, including, but not limited to, a home, townhouse, apartment, condominium, motel, hotel, or other structure that is dedicated to or intended for residential use. Further, a structure may retain its status as a dwelling, whether occupied, unoccupied, or vacant, so long as it is suitable for residential use. That definition is for guidance only. We leave it to the Committee to flesh out an appropriate change.

We reverse the portion of the Appellate Division's decision in respect of defendant's conviction for fourth-degree criminal trespass, but do not disturb the panel's conclusion regarding defendant's consecutive sentences.

*For reversal in part and reinstatement*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, VERNIERO, LaVECCHIA and ZAZZALI—7.

*Opposed*—None.