Vacated and remanded by published opinion. Judge WYNN wrote the majority opinion, in which Chief Judge TRAXLER joined. Judge MOTZ wrote a dissenting opinion.
WYNN, Circuit Judge:
Under the United States Sentencing Guidelines, judges may increase the sen *146 tences of defendants previously convicted of violent crimes. Generic burglary has been deemed a crime of violence sufficient to support such an enhanced sentence. At issue in this case is whether first degree burglary in Maryland constitutes a generic burglary, i.e., a crime of violence that can support a sentence enhancement under United States Sentencing Guidelines Section 2L1.2(b)(l)(A)(ii). Our careful review leads us to conclude that it does not. We hold that Maryland’s courts have construed Maryland’s first degree burglary statute more broadly than the Supreme Court’s definition of generic burglary. Specifically, there is a realistic probability that Maryland’s statute covers burglaries of motor vehicles or boats-places that the United States Supreme Court has expressly excluded from generic burglary. Accordingly, we vacate Defendant’s sentence, which the district court enhanced based on Defendant’s prior conviction of first degree burglary in Maryland, and remand for re-sentencing.
I.
Jose Herbert Henriquez (“Defendant”) pled guilty without a plea agreement to one count of unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). His adjusted offense level was calculated to be 24, which consisted of a base offense level of 8, plus a 16-level enhancement under United States Sentencing Guidelines (“U.S.S.G.”) Section 2L1.2(b)(l)(A)(ii). The offense that triggered the 16-level enhancement was Defendant’s 2000 Maryland conviction of first degree burglary, which the presentence report (“PSR”) called a crime of violence. Over Defendant’s objection, the district court applied the enhancement and sentenced Defendant to 41 months of imprisonment.[1]
In explaining its decision to apply the enhancement, the district court noted that U.S.S.G. Section 2L1.2(b)(l) “says burglary of a dwelling!,]” and that the Maryland statute “is four square within the language of the applicable Guideline Section 2L1.2 as ‘burglary of a dwelling.’” J.A. 80-81. The district court also explained that “Maryland retains the more traditional” definition of burglary and “has not chosen to expand it to any old structure.” J.A. 80.
Defendant filed a timely appeal and raises the same argument that he made below: that a conviction of first degree burglary in Maryland is not a crime of violence because Maryland’s definition of burglary exceeds the scope of generic burglary as defined by the United States Supreme Court. Specifically, Defendant argues that first degree burglary in Maryland lacks a necessary element of generic burglary-that the crime take place in a building or structure. Defendant contends that because Maryland has not limited the term “dwelling” to buildings or structures, one could be convicted in Maryland of burglarizing boats or motor vehicles, which are enclosures that the Supreme Court has expressly excluded from the definition of generic burglary. Upon careful review, we must agree with Defendant.
II.
A defendant convicted of illegally reentering the United States is subject to a sentencing enhancement if, before his removal, he had been convicted of a “crime of violence.” U.S.S.G. § 2L1.2(b)(l)(A)(ii). *147 The Guidelines definition of “crime of violence” specifically includes “burglary of a dwelling.” U.S.S.G. § 2L1.2 (b)(1)(A) emt. n. 1 (B)(iii). Whether a prior conviction qualifies as a crime of violence is a legal question that we review de novo. United States v. Bonilla, 687 F.3d 188, 190 (4th Cir.2012), cert. denied, — U.S. -, 134 S.Ct. 52, 187 L.Ed.2d 47 (2013).
A.
In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court considered whether “burglary” constituted a “violent felony” under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e).[2] The Supreme Court sought to tease out “some uniform definition independent of the labels employed by the various States’ criminal codes.” Taylor, 495 U.S. at 592, 110 S.Ct. 2143. The Court held that “[although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.” Id. at 598, 110 S.Ct. 2143. The Supreme Court noted that “there is no problem” for convictions in states whose definitions of burglary are the same as — or narrower than — this generic definition. Id. at 599, 110 S.Ct. 2143. But the same could not be said of states that “define burglary more broadly, e.g., ... by including places, such as automobiles[,]” i.e., places “other than buildings.” Id.
Fifteen years later, the Supreme Court stated even more clearly that the ACCA “makes burglary a violent felony only if committed in a building or enclosed space (‘generic burglary’), not in a boat or motor vehicle.” Shepard v. United States, 544 U.S. 13, 15-16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Although Taylor and Shepard both involved the ACCA’s enumerated crime of “burglary,” rather than the Guidelines’ enumerated crime of “burglary of a dwelling” at issue here, this Court has nonetheless applied Taylor’s definition of generic burglary to the Guidelines’ inquiry, “with the additional requirement that a burglary qualifying as a ‘crime of violence’ must involve a dwelling.” Bonilla, 687 F.3d at 190-91 n. 3 (citing, inter alia, United States v. Wenner, 351 F.3d 969, 973 (9th Cir.2003) (“[T]he most logical and sensible reading of the Guidelines ... is to construe ‘burglary of a dwelling’ as the Taylor definition of burglary, with the narrowing qualification that the burglary occur in a dwelling[.]”)). Thus, before applying the enhancement in U.S.S.G. Section 2L1.2(b)(l)(A)(ii) to a defendant who previously had been convicted of burglary, a sentencing court must satisfy itself that the defendant’s prior burglary conviction entailed the “unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.” Taylor, 495 U.S. at 598, 110 S.Ct. 2143. The sentencing court also must ensure that the burglary occurred in a dwelling, Bonilla, 687 F.3d at 190 n. 3, and that the dwelling was not a boat, motor vehicle, or other enclosure that is excluded from the definition of generic burglary, Shepard, 544 U.S. at 16, 125 S.Ct. 1254.
Further, we employ the categorical approach here because “the crime of which the defendant was convicted has a single, indivisible set of elements.” Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2282, 186 L.Ed.2d 438 (2013). Our *148 analysis is thus “restricted to ‘the fact of conviction and the statutory definition of the prior offense.’ ” United States v. Aparicio-Soria, 740 F.3d 152, 154 (4th Cir. 2014) (en banc) (quoting Taylor, 495 U.S. at 603, 110 S.Ct. 2143).
Finally, federal courts have no “authority to place a construction on a state statute different from the one rendered by the highest court of the State.” Johnson v. Fankell, 520 U.S. 911, 916, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997). Rather, “[t]o the extent that the statutory definition of the prior offense has been interpreted by the state’s highest court, that interpretation constrains our analysis of the elements of state law.” Aparicio-Soria, 740 F.3d at 154. With this legal framework in mind, we now turn to the text of Maryland’s first degree burglary statute and the way in which the Maryland Court of Appeals has interpreted it.
B.
Section 6-202 of Maryland’s criminal code provides that “[a] person may not break and enter the dwelling of another with the intent to commit theft or a crime of violence.” Md.Code Ann., Crim. Law § 6-202(a). The statute does not define the term “dwelling,” and it was not until 2008 that the Maryland Court of Appeals, Maryland’s highest court, considered “precisely what is meant by a ‘dwelling[.]’ ” McKenzie v. State, 407 Md. 120, 962 A.2d 998, 1001 (2008). After determining that “the General Assembly intended the meaning of ‘dwelling,’ insofar as the burglary statutes are concerned, to be subject to ongoing clarification in the case law[,]” id. at 1002, Maryland’s high court reviewed opinions by the intermediate court, the Maryland Court of Special Appeals, id. at 1003-07.
The Court of Appeals explained that the intermediate court had developed the following test for determining whether a place was a dwelling under Maryland’s burglary statutes:
“The test as to whether or not a building is a dwelling house is whether or not it is used regularly as a place to sleep. No building becomes a dwelling by reason of the fact that someone may sleep there on rare occasions or take an occasional nap there[.]”
Id. at 1003 (quoting Poff v. State, 4 Md. App. 186, 241 A.2d 898, 900 (1968)) (internal quotation marks omitted). The Court of Appeals described how the intermediate court applied that test in 1983 to hold that a recreational vehicle was a dwelling under Maryland’s daytime housebreaking statute, and it recounted the intermediate court’s explanation:
[T]he “crucial factor” is “whether [the structure] is a place intended to be used, and in fact is used, as an abode and place for humans to sleep.... The paramount interest that [the daytime housebreaking statute] seeks to protect is the right of human habitation to be free from the terror of an invader. Accordingly, it matters not what type of facility the individual chooses to use for his habitation, so long as he intends it to be his abode and so uses it.”
Id. at 1005 (quoting Kanaras v. State, 54 Md.App. 568, 460 A.2d 61, 71 (1983)).
To be sure, McKenzie involved the question of whether a temporarily unoccupied apartment constituted a “dwelling.” It did not squarely present the question at issue here: whether an enclosure that is excluded from the federal definition of generic burglary — such as a boat or motor vehicle — can be a “dwelling” under Maryland’s burglary statutes. But nothing in McKenzie indicates that the Court of Appeals found fault with the intermediate court’s reasoning quoted above-reasoning that ex *149 pressly captured recreational vehicles and easily could cover those boats and motor vehicles that people intend to use, and do use, as their dwellings.
Rather, the Maryland Court of Appeals has embraced a notion of the term “dwelling” that renders its first degree burglary statute broader than the Supreme Court’s “generic burglary” definition. This is demonstrated by the Maryland high court’s explicit adoption of “the reasoning and holding of the New Jersey Supreme Court in [State v. Scott, 169 N.J. 94, 776 A.2d 810 (2001) ].” Id. at 1007. The Maryland Court of Appeals explained that Scott defined “ ‘dwelling’ as ‘a place where a person resides and sleeps!,]’ ” id. at 1006 (quoting Scott, 776 A.2d at 814), and that Scott “is generally in line with the Court of Special Appeals’ opinions we have discussed.” Id. at 1007.
We, therefore, must conclude that Maryland’s definition of a “dwelling” as used in its first degree burglary statute is a place where a person resides and sleeps. We decline to impose on this definition a limiting construction that would exclude boats or motor vehicles — enclosures not covered by the federal definition of generic burglary. And although we have found no Maryland Court of Appeals case that has defined a dwelling as a boat or motor vehicle — enclosures clearly outside the scope of the generic definition — such a case is unnecessary for our conclusion. We instead assess “whether there is a realistic probability” that Maryland “would apply its statute to conduct that falls outside the generic definition of’ burglary. United States v. Perez-Perez, 737 F.3d 950, 955 (4th Cir.2013) (quotation marks omitted).
We conclude that there is a realistic probability that Maryland would apply its first degree burglary statute to conduct that falls outside the Supreme Court’s definition of “generic burglary.” This conclusion is well-supported because the Maryland Court of Appeals has not limited the term “dwelling” to a building or structure. Further, the Maryland Court of Special Appeals has held a recreational vehicle to be a dwelling — a holding that the Court of Appeals discussed and in no way rejected when it had the chance to do so in McKenzie.
We turn now to an examination of the parties’ arguments.
III.
Defendant makes the simple argument that Maryland’s courts have construed the term “dwelling” broadly enough to convict a person of burglarizing an enclosure excluded from the federal definition of generic burglary. Because the categorical approach precludes federal courts from looking to the facts underlying a prior conviction, a sentencing court would have no way to ensure that a first degree burglary conviction in Maryland did not involve an excluded enclosure — such as a boat or motor vehicle. Therefore, Defendant argues, the district court erred in applying the 16-level enhancement under Guidelines Section 2L1.2(b)(l)(A)(ii) for his prior conviction of first degree burglary in Maryland. For the reasons already discussed, we agree.
The Government counters that we should affirm Defendant’s sentence because “Maryland’s first-degree burglary statute fits well within the definition of ‘burglary of a dwelling’ for purposes of’ Guidelines Section 2L1.2(b)(l)(A)(ii). Ap-pellee’s Br. at 11. The Government’s argument is similar to the reasoning of the district court, which concluded that the Maryland statute Defendant was convicted of violating “is four square within the lan *150 guage of the applicable Guideline Section 2L1.2 as ‘burglary of a dwelling.’ ” J.A. 80.
The Government further contends that Taylor stands for the proposition that the definition of burglary under the ACCA is broader than the common law definition of burglary. And, as noted by the Supreme Court in Taylor, Maryland is “one of the few [states] ... maintaining the narrow, more restrictive common-law definition” of burglary. Appellee’s Br. at 11. Consequently, the Government argues, “Maryland’s offense of first-degree burglary ... fits squarely within the definition of ‘burglary’ as defined in Taylor.” Id. We reject the Government’s arguments.
It is true that Maryland’s first degree burglary statute criminalizes the “burglary of a dwelling” in terms that exactly match those used in the commentary to the sentencing enhancement at issue here. Compare Md.Code Ann., Crim. Law § 6-202(a), -with U.S.S.G. § 2L1.2 (b)(1)(A) cmt. n. 1 (B)(iii). A mere comparison of the language, however, does not end the inquiry because the Maryland statute does not define the term “dwelling.” We must, therefore, compare the Maryland state courts’ application of the statute to the federal definition of generic burglary. As explained above, the ACCA “makes bur1 glary a violent felony only if committed in a building or enclosed space (‘generic burglary’), not in a boat or motor vehicle.” Shepard, 544 U.S. at 15-16,125 S.Ct. 1254. If a defendant could be convicted of burglarizing a dwelling that happens to be a boat or motor vehicle, Shepard precludes the application of the sentencing enhancement in Guidelines Section 2L1.2(b)(l)(A)(ii) to such a conviction.
It is easily conceivable that Defendant’s first degree burglary conviction from 2000 involved one of Shepard’s precluded structures: a boat or a motor vehicle. As noted, the Court of Special Appeals has already deemed a recreational vehicle a dwelling. Kanaras, 460 A.2d at 71. And if a dwelling is nothing more than “ ‘a place where a person resides and sleeps[,]’” such a place may well be a houseboat, particularly in a state with as much waterfront as Maryland, or even a car. McKenzie, 962 A.2d at 1006 (quoting Scott, 776 A.2d at 814). Yet the United States Supreme Court has clearly excluded such enclosures from the definition of generic burglary and, consequently, from application of the crime of violence enhancement. Shepard, 544 U.S. at 16, 125 S.Ct. 1254.
We are also unpersuaded by the Government’s argument that Maryland’s first degree burglary statute must be “narrower],” and thus, within, the generic definition of burglary because the Supreme Court in Taylor “specifically cited Maryland as one of four [s]tates that retained th[e] common-law definition” of burglary. Appellee’s Br. at 10. Put simply, the Supreme Court’s mentioning of Maryland’s burglary law nearly twenty-five years ago does not negate the need for federal sentencing courts to undertake the analysis described above. Since 1990, when Taylor was decided, Maryland’s highest court has indicated that the elements of the statute codifying that state’s burglary offenses are “subject to ongoing clarification in the case law.” McKenzie, 962 A.2d at 1002. What’s more, the Supreme Court’s decision in Shepard “makes burglary a violent felony only if committed in a building or enclosed space (‘generic burglary’), not in a boat or motor vehicle.” Shepard, 544 U.S. at 15-16, 125 S.Ct. 1254. And at least one defendant in Maryland has had his conviction for daytime housebreaking upheld after the Court of Special Appeals determined that a recreational vehicle constituted a “dwelling” for the purposes of Maryland’s burglary laws-a holding expressly recognized and left untouched by *151 the Maryland Court of Appeals in McKenzie. Kanaras, 460 A.2d at 71.
In sum, we conclude that Maryland’s first degree burglary statute encompasses “conduct that falls outside the generic definition” of burglary. Perez-Perez, 737 F.Sd at 955 (quotation marks omitted). As a consequence, a Maryland conviction of first degree burglary cannot constitute a crime of violence for purposes of Guideline Section 2L1.2(b)(l)(A)(ii). The district court erred by applying that enhancement, and Defendant’s sentence must be vacated.
IV.
For the foregoing reasons, we vacate and remand Defendant’s sentence.

VACATED AND REMANDED

. The PSR recommended, and the district court granted, a 3-level reduction for Defendant’s acceptance of responsibility. The resulting 41-month sentence was within the Guidelines range of 41 to 51 months for Defendant’s total offense level of 21 and criminal history category of II.

. Although Taylor pertained to the ACCA, we apply the same analysis to the question of whether a particular crime constitutes a "crime of violence” under the Guidelines. See United States v. Bonilla, 687 F.3d 188, 190 n. 3 (4th Cir.2012).