UNITED STATES of America, Plaintiff

v.

Leon ROBINSON, Jr., Defendant

No. 4:08CR00141 JLH

United States District Court,
E.D. Arkansas, Western Division.

Signed 10/20/2016

Joseph James Volpe, U. S. Attorney's Office, Little Rock, AR, for Plaintiff.

## OPINION AND ORDER

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE

In 2009, a jury convicted Leon Robinson of the crime of felon in possession of a

firearm. 18 U.S.C. § 922(g). This Court found that Robinson had at least three prior convictions for violent felonies as defined under the Armed Career Criminal Act and sentenced him to the statutory minimum of fifteen years. Robinson's prior convictions included one for aggravated assault and several for residential burglary. Robinson's presentence report shows that Robinson had been convicted of twelve counts of residential burglary in four different Arkansas cases. Robinson brings this 28 U.S.C. § 2255 motion to correct his sentence, arguing that his prior convictions under Arkansas's burglary statute do not count as predicate offenses.

A conviction under 18 U.S.C. § 922(g) carries a statutory maximum of ten years' imprisonment. 18 U.S.C. § 924(a)(2). If a person convicted of violating section 922(g) has three previous convictions for violent felonies, however, the statutory minimum is fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The statute defines violent felony as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The "otherwise involves" clause of prong two has been labeled the "residual clause." In *Johnson v. United States*, ––– U.S. ––––, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that the residual clause is unconstitutionally vague, so a prior conviction can no longer count as a predicate offense under the that clause. In *Welch v. United States*, ––– U.S. ––––, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016), the Supreme Court made *Johnson* retroactive to cases on collateral review.

This Court sentenced Robinson before the Supreme Court decided *Johnson*. In light of *Johnson* and *Welch*, Robinson filed the instant section 2255 motion to correct his sentence. Although Robinson had previously filed a section 2255 motion, the Eighth Circuit authorized him to file a second or successive petition. Because the residual clause has been declared unconstitutional, Robinson reasons that his Arkansas burglary convictions can count as violent felonies only if they meet the definition of "generic" burglary as used in section 924(e)(2)(B), and he argues that they do not.

More than thirty years ago, the Supreme Court determined that Congress used the term *burglary* in section 924(e)(2)(B) broadly and generically with certain minimum elements. *Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). How a state labels the crime is immaterial. *Id.* at 599, 110 S.Ct. at 2158. A person has been convicted of burglary, as that term is used in section 924(e)(2)(B), "if he is convicted of any crime ... having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* Importantly, the Supreme Court rejected narrower proposed definitions that would have limited burglary to the common-law definition or to a subclass of especially dangerous burglaries. *Id.* at 595–97, 110 S.Ct. at 2155–58. The Supreme Court noted that most states had departed from the technicalities of the common-law definition of burglary, expanding burglary "to include entry without a 'breaking,' structures other than dwellings, offenses committed in the daytime, entry with intent to commit a crime other than a felony, etc." *Id.* at 593, 110 S.Ct. at 2155 (citing Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 8.13 (1986)). In addition, the Supreme

Court noted that construing burglary broadly and generically was in line with the purpose of the Armed Career Criminal Act to control violent crime regardless of its state label. *Id.* at 593–94, 110 S.Ct. at 2155–56. The Court construed the term *burglary* in the statute to roughly correspond to "a majority of the States' criminal codes." *Id.* at 589, 110 S.Ct. at 2153 (citation omitted).

To determine whether a prior conviction is for burglary, courts use the "categorical approach." *See Descamps v. United States,* ––– U.S. ––––, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). They compare the elements of the statute of conviction with the elements of "generic" burglary under section 924(e)(2)(B). *Id.* The prior conviction qualifies as burglary under the statute and thus as a predicate offense for enhancement purposes only if the state statute's elements are the same as, or narrower than, those of generic burglary. *Id.*

Since 1993, Arkansas's burglary statute has distinguished between residential and commercial burglary.[1] All of Robinson's burglary convictions were for residential burglary. "A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment." Ark. Code Ann. § 5–39–201(a). Arkansas defines "residential occupiable structure" to mean "a vehicle, building, or other structure: (i) In which any person lives; or (ii) That is customarily used for overnight accommodation of a person whether or not a person is actually present." Ark. Code Ann. § 5–39–101(4)(A). Arkansas further defines "vehicle" as "any craft or device designed for the transportation of a person or property across land or water or through the air." Ark. Code Ann. § 5–39–101(5). Arkansas defines "enter or remain unlawfully" to include entering on unimproved and apparently unused land when notice has been personally communicated or is posted conspicuously. Ark. Code Ann. § 5–39–101(2)(C).

Relying on *Mathis v. United States,* ––– U.S. ––––, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), Robinson maintains that Arkansas's residential burglary statute is not divisible. As a result, Robinson contends that the Court must apply the categorical approach to determine whether his prior convictions are predicate offenses that subject him to the Armed Career Criminal Act's enhancement. On this note, Robinson argues that Arkansas's burglary statute is categorically broader than the generic definition of burglary in two ways. First, the statute "identifies unimproved and apparently unused land as places that may be ... burglarized." Document #116 at 8. And second, the term residential occupiable structure includes vehicles. *Id.*

Robinson is correct that Arkansas's residential burglary statute is not divisible and therefore the modified categorical approach does not apply. Although the definition of "residential occupiable structure" contains the disjunctive "or" and contains certain terms, such as "building" and "other structure," that meet the generic definition of burglary, these alternative terms do not set forth different elements of the crime. *Mathis,* 136 S.Ct. at 2256. Rather, they state alternative means by which the locational element—residential occupiable structure—is satisfied. *Id.* And so Robinson's convictions must meet the generic definition of burglary under the categorical

1. Residential burglary is the more serious crime. *See* Ark. Code Ann. § 5–39–201 (residential burglary is a Class B felony, whereas commercial burglary is a Class C felony).

approach if they are to count as predicate offenses.

Robinson first argues that residential burglary in Arkansas is broader than generic burglary because of the definition of "enter or remain unlawfully." True, the statute defines "enter or remain unlawfully" to include unimproved or apparently unused land; but Robinson errs by reading the isolated definition as though it were the statute of conviction. The residential burglary statute has a single locational element: residential occupiable structure. A residential occupiable structure only includes vehicles, buildings, or other structures and must either be lived in or customarily used for overnight accommodations. This definition unambiguously excludes unimproved and apparently unused land as places that may be burglarized under the residential burglary statute.

Robinson's second argument is much closer. Based on language from several Supreme Court decisions, Robinson argues that statutes that include vehicles as places that can be burglarized are categorically broader than generic burglary. *See Mathis*, 136 S.Ct. at 2250 (holding that Iowa's burglary statute "defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (*i.e.*, buildings and other structures, but not vehicles) satisfy the generic definition"); *Descamps*, 133 S.Ct. at 2284 (restating *Taylor's* hypothetical burglary statute with alternative elements requiring the modified categorical approach where "[o]ne of those alternatives (a building) corresponds to an element in generic burglary, whereas the other (an automobile) does not"); *Shepard v. United States*, 544 U.S. 13, 15–16, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005) (reciting pithily that the Armed Career Criminal Act "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle"); *Taylor*, 495 U.S. at 599, 110 S.Ct. at 2158 (noting that a few states' burglary statutes define burglary more broadly than generic burglary "by including places, such as automobiles and vending machines, other than buildings").

The Ninth Circuit has adopted a view similar to Robinson's. In a split decision of the en banc court interpreting Oregon's burglary statute,[2] the Ninth Circuit held that *Taylor* used the term "building or structure" to mean "building" only. *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007) (en banc). In other words, generic burglary's locational element is limited to "a structure designed for occupancy that is intended for use in one place." *Id.* (footnote omitted). The court found confirmation for this interpretation in *Taylor*'s discussion of statutes that define burglary more broadly than generic burglary. *Id.* at 849. Though most states at the time defined burglary consistent with the generic definition, some states included places "such as automobiles and vending machines, other than buildings." *Taylor*, 495 U.S. at 599, 110 S.Ct. at 2158. As an example, *Taylor* pointed to Missouri's second-degree burglary statute, which "included breaking and entering any booth or tent, or any boat or vessel, or railroad car." *Id.*, 110 S.Ct. at 2159 (quotation and citation omitted). *Grisel* interpreted *Tay-*

2. In Oregon, "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." Or. Rev. Stat. Ann. § 164.215(1). Oregon's statute provides that " '[b]uilding,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." *Id.* § 164.205(1).

*lor* to establish a brightline rule that the inclusion of structures such as vehicles in a burglary statute makes that statute broader than generic burglary. *Grisel*, 488 F.3d at 849.[3]

The Fourth Circuit has interpreted *Taylor* similarly. In *United States v. White*, No. 15–4096, 836 F.3d 437, 438–39, 2016 WL 4717943, at *1 (4th Cir. Sept. 9, 2016), the court held that West Virginia's burglary statute was broader than generic burglary because its definition of "dwelling house" included vehicles, even though the statute was limited to "nonmotive vehicle[s] primarily designed for human habitation and occupancy and used as a dwelling regularly or only from time to time." W. Va. Code Ann. § 61–3–11(c). *White* followed an earlier Fourth Circuit decision that interpreted Maryland's burglary statute as broader than generic burglary. *See United States v. Henriquez*, 757 F.3d 144, 149 (4th Cir. 2014). Even though Maryland's use of "dwelling" in its burglary statute applied to boats and motor vehicles only "where a person resides and sleeps," *Henriquez* held that the statute was broader than generic burglary. *Id.* Like *Grisel*, *Henriquez* interpreted *Taylor* as setting forth a brightline rule that excludes boats or motor vehicles from generic burglary. *Id.*

Not all courts have so read *Taylor*. In *United States v. Spring*, 80 F.3d 1450 (10th Cir. 1996), the Tenth Circuit held that Texas's burglary statute, which had as its locational element a "habitation" and included vehicles within its definition of habitation, was the same as or more narrow than generic burglary. *Id.* at 1462. The defendant in *Spring* argued that because vehicles were included in the definition of habitation, Texas's burglary statute was broader than generic burglary. *Id. Spring* rejected this argument because "the Texas Code definition of habitation does not include vehicles in the sense in which *Taylor* intended." *Id.* "Habitation" included only vehicles "adapted for the overnight accommodation of persons." *Id.* (citation omitted). The court considered the burglary of a vehicle adapted for overnight accommodation more analogous to the burglary of a home or building than to the theft of an automobile. *Id.*

Interpreting the same Texas burglary statute, the Fifth Circuit also held that Texas's burglary statute is the same as or more narrow than the definition of generic burglary. *See United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008); *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992). The Eighth Circuit likewise has held that the Texas statute was the same as or more narrow than generic burglary, following *Spring's* holding in an unpublished per curiam decision. *United States v. Wallis*, 100 F.3d 960 (8th Cir. 1996) (noting specifically that *Spring* rejected the argument that inclusion of "vehicle adapted for the overnight accommodation of persons" rendered the Texas statute nongeneric).[4]

In *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), the Sixth Circuit interpret-

3. The dissent in *Grisel* found it an important point of distinction that Missouri's statute included *any* boat or vessel, whereas Oregon's statute limited the types of vehicles, boats, etc. to those adapted for overnight accommodation. *Id.* at 854.

4. In *United States v. Thomas*, 124 F.3d 209 (8th Cir. 1997) (unpublished per curiam), the Eighth Circuit stated that "the Arkansas statute's definition of occupiable structure—with its inclusion of vehicles—is broader than the 'generic' definition provided in *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)." *Id.* The quoted statement was dicta rather than part of the holding of the case. *Cf. Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 989 (8th Cir. 2010). Moreover, *Thomas* does not square with *Wallis*, which, as the earlier panel opinion, is binding. *Mader v. United States*, 654 F.3d 794, 800 (2011) (en banc).

ed Tennessee's similar aggravated burglary statute likewise. Aggravated burglary in Tennessee is a burglary of a "habitation." Tenn. Code Ann. § 39–14–403(a). Tennessee defines "habitation" as "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons," and it "[i]ncludes a self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant." Tenn. Code Ann. § 39–14–401(1). *Nance* held that Tennessee aggravated burglary "clearly comports" with the definition of generic burglary. 481 F.3d at 888; *see also United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) ("Because the Tennessee aggravated burglary statute is a generic version of the crime of burglary, it constitutes a violent felony under the ACCA's enumerated-offense clause").

The decisions of the Fifth, Sixth, and Tenth Circuits are better reasoned than those of the Fourth and Ninth Circuit. *Taylor* emphasized that many states had expanded the definition of burglary statutes beyond the common law definition. *Taylor*, 495 U.S. at 593, 110 S.Ct. at 2155. At common law, burglary was breaking and entering into the dwelling of another at night for the purpose of committing a felony. LaFave, *Substantive Criminal Law* at § 8.13;[5] 4 W. Blackstone, Commentaries on the Laws of England 224 (1769). Modern statutes have expanded burglary as to almost every element. LaFave, Substantive Criminal Law at § 8.13.

The theoretical basis for burglary at common law was that burglary was "a forcible invasion and disturbance of that right of habitation, which every individual might acquire even in a state of nature[.]" Blackstone, Commentaries on the Laws of England at 223. Even at common law, what constituted a dwelling that could be burglarized was fairly broadly interpreted: it included a barn, stable, or warehouse that was in the curtilage of the dwelling, even if not under the same roof, and a chamber of a college or an inn of court where each inhabitant had a distinct property. *Id.* at 225. A room or lodging in a private house could be the separate dwelling of the lodger. *Id.*

"There is no jurisdiction which retains the common-law requirement that the offense take place against a dwelling house or building within its curtilage for all degrees of the offense, though some require that the offense be against a dwelling house for a higher grade of the offense." LaFave, Substantive Criminal Law § 8.13(c) (footnotes omitted).[6] Modern statutes typically use a much broader term, such "as 'building' or 'structure,' and these terms are often broadly construed." *Id.* (footnotes omitted); *see also People v. Cruz*, 13 Cal.4th 764, 55 Cal.Rptr.2d 117, 919 P.2d 731 (1996) (holding that burglary of an inhabited vessel constituted burglary of "an inhabited dwelling house"); *State v. Vredenberg*, 264 N.W.2d 406 (Minn. 1978) (holding that a houseboat cabin was a "building" within the meaning of Minnesota's burglary statute); *State v. Hofmann*, 549 N.W.2d 372 (Minn. 1996) (holding that a motor home was a "building" within the meaning of Minnesota's burglary statute); *State v. Ebel*, 92 Mont. 413, 15 P.2d 233

5. Although there is a more recent edition of Professor LaFave's criminal law treatise, the Court cites to the version on which *Taylor* relied in defining generic burglary.

6. The most recent edition states that "[o]nly a few jurisdictions retain the common-law requirement that the offense take place against a dwelling house or building within its curtilage for all degrees of the offense." Wayne R. LaFave, *Substantive Criminal Law* § 21.1(c) (2d ed. 2003).

(1932) (holding that a sheep wagon was a "building" because it had walls and a roof even though it was mobile); *People v. Simien*, 671 P.2d 1021 (Colo. App. 1983) (holding that a trailer used for storage at a construction site was a "building" under Colorado's burglary statute); *Smith v. State*, 902 P.2d 712 (Wyo. 1995) (holding that a semitrailer used for storage was a building and collecting cases).

It is important to note that when the Supreme Court in *Taylor* rejected the argument that section 924(a) incorporated the common-law definition of burglary, holding instead that Congress intended a generic definition of burglary, the Court did so on the assumption that Congress intended the term *burglary* to be consistent with the broader, more modern definitions typically used in contemporary state statutes. Generic burglary is broader, not narrower, than common-law burglary.

Even under modern statutes, burglarizing a dwelling is often a more serious offense than burglarizing other types of buildings. LaFave, Substantive Criminal Law at § 8.13(c). Arkansas is one of the states that treats residential burglary as a more serious offense than burglarizing other places. *See* Ark. Code Ann. § 5-39-201 to 202. In light of the common-law emphasis on protecting dwellings and the Supreme Court's explicit intention that generic burglary be broader than common-law burglary, "generic burglary" should not be defined so narrowly as to exclude some places that are used in modern society as dwellings.

In *Taylor* the Supreme Court explained that Congress listed burglary in its enumerated offenses because of the crime's "inherent potential for harm to persons." 495 U.S. at 588, 110 S.Ct. at 2153. Congress intended to prohibit crimes that created the possibility of violence between the criminal and occupant. *Id.* If so, again, *Taylor* should not be read to exclude some places of habitation from the generic definition of burglary.

As noted, Arkansas includes vehicles in its definition of "residential occupiable structure," but it limits the types of vehicles included to those that are customarily used for overnight accommodation of a person. This limitation excludes most objects used as vehicles. A sedan is not "customarily used for overnight accommodation." Nor is a fishing boat. But a motor home or a houseboat certainly is. Indeed, many persons in Arkansas, and in other states, make their homes in such structures. Vehicles customarily used for overnight accommodation of persons have solid walls and doors that lock, along with beds, appliances, and other accoutrements of home. Burglarizing a vehicle customarily used for overnight accommodation is more akin to burglarizing a house than to breaking into a sedan.

Federal courts should not get so enamored with elucidating the nuances of generic burglary and common law burglary as to forget that we are interpreting a statute—section 924(e)(2)(B). The first issue is, does the text of section 924(e) on its face include residential burglary, as defined in Arkansas, as a "violent felony?" It does. The second issue is, does any reason exist for believing that Congress intended that the word *burglary* in section 924(e)(2)(B) not include residential burglary as defined in Arkansas? No such reason exists. Consistent with the common law emphasis on protecting a person from home invasion by someone who intends to commit a crime, Arkansas defines residential burglary to protect invasion of structures used as homes, even if some of those structures may also be used for transportation. And, like many states, Arkansas regards residential burglary as the most serious type of burglary, which again is consistent with the historic understanding

of burglary dating back to the common law of England. *See Julian v. State*, 298 Ark. 302, 304, 767 S.W.2d 300, 301 (1989) (explaining that "[t]he obvious reason for the distinction between our burglary and breaking and entering statutes is the intent of the general assembly to punish burglary more severely because it involves entering a place where people, as opposed to mere property, are likely to be"). Both of these reasons are consistent with Congress's purpose in enumerating burglary as a violent felony. It defies commonsense to say that Congress intended the word *burglary* in section 924(e)(2)(B) not to include residential burglary as defined by the State of Arkansas; and it defies commonsense to say that a person who has been convicted of twelve residential burglaries in Arkansas is not a career offender under section 924(e). While the Supreme Court's interpretation of section 924(e) is binding authority, nothing in the *Taylor* opinion, or any other Supreme Court opinion, requires this Court to attribute to that Court a construction of section 924(e) that defies commonsense.

Robinson argues that Iowa's burglary statute, which was addressed in *Mathis*, is substantively equivalent to Arkansas's residential burglary statute. Although *Mathis* was primarily concerned with whether a statute is divisible, and thus whether it is appropriate to resort to the modified categorical approach, the Supreme Court and all parties agreed that burglary in Iowa is broader than generic burglary. *Mathis*, 136 S.Ct. at 2250. Iowa's burglary statute criminalizes the unprivileged entry of an "occupied structure." Iowa Code Ann. § 713.1. Iowa defines "occupied structure" as "any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, *or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping*

*of anything of value.*" Iowa Code Ann. § 702.12 (emphasis added). The italicized language renders the Iowa statute broader than Arkansas's. In Iowa, *any* structure used for business or for the storage or safekeeping of anything of value is included in its locational element. This could include theft from a sedan, whether customarily used for overnight accommodation or not.

### CONCLUSION

Robinson's motion to correct his sentence is DENIED. Document #116. In view of the circuit split discussed above, a certificate of appealability is granted on the issue of whether Robinson's convictions for residential burglary are violent felonies under 18 U.S.C. § 924(e)(2)(B).

IT IS SO ORDERED this 20th day of October, 2016.